KLINGELHOEFER et al. v. SMITH et al., Judges.

In Banc, January 26, 1903.

1. **Appellate Jurisdiction:** ESTOPPEL. If title to real estate is involved in a suit, the Court of Appeals does not have jurisdiction over the appeal, and no act of the appellants, either by agreement or estoppel, can confer such jurisdiction, and any judgment rendered by such court is a nullity, and the judgment of the circuit court is not affected thereby.

2. ———: WRIT OF PROHIBITION: WHEN TIMELY. A writ of prohibition is not timely if the court to which it is directed has taken final action, and adjourned. Therefore, petitioners are not entitled to the writ against a court of appeals on the ground that it has assumed jurisdiction over a case in which title to real estate is involved, if the record shows that at the time of the application such court had rendered final judgment in the cause, overruled a motion to transfer the cause to the Supreme Court, sent its mandate to the circuit court, and adjourned the term. In such case there is nothing to prohibit.

3. ———: ———: MOTION TO TRANSFER. Although petitioners may not be entitled to a writ of prohibition against a Court of Appeals to prohibit such court from proceeding in a cause for want of jurisdiction, because such court had rendered final judgment and adjourned, yet if a motion had been filed in such court before its adjournment to transfer the cause to the Supreme Court and it had declined to do so, this court will, on the presentation of a motion to transfer, order the cause transferred, if such court was in fact lacking in jurisdiction over the appeal.

4. ———: TITLE TO REAL ESTATE: GIVING CREDIT TO GRANTEE: ESTOPPEL. Where certain daughters brought suit against their mother to have title to land which had been deeded to her vested in themselves, alleging that their money had paid for it, and afterwards a third party brought suit against both the mother and daughters, alleging that prior to the daughters' suit he had obtained judgment against the mother for money loaned to her on the faith that she was the owner of the land, that they had knowingly and approvingly permitted the title to remain in her name for the purpose of giving her such credit, and that the purpose of their suit was to defraud him by taking title out of her and leaving nothing out of which to satisfy his judgment, a judgment of the court in his suit to the effect that as to him the title was in the mother, and should be charged with the debt, does not so involve title to real estate as to give the Supreme Court jurisdiction of the appeal.

### Prohibition.

WRIT DENIED.

*John F. Imel* and *Vinton Pike* for petitioners.

(1) A resort to a court of equity to set aside or annul a title at law is a direct attack upon that title, and the judgment will affect the title. Edwards v. Railroad, 148 Mo. 516. A proceeding in equity which brings

the holder of the legal title before the court for the purpose of charging his land with a demand to which he is a stranger, directly affects and involves the title. The title is an absolute protection to the owner of it unless in equity it should be set aside or qualified. Petitioners claim an absolute title, and Rieschick can not succeed without impeaching it. Brown v. Turner, 113 Mo. 27; Morris v. Clare, 132 Mo. 238; Bryant v. Russell, 127 Mo. 422. A suit by Margaret to set aside the decree suffered by herself and guardian would be one involving title to real estate. Truesdale v. McCormick, 126 Mo. 39. It is proposed to take the lot to which petitioners have the title, or to take part of it, to pay Margaret's debt to Rieschick. That involves the title as does the taking a part of one's land for public use. Baubie v. Ossman, 142 Mo. 499. (2) If the Court of Appeals had not jurisdiction of the appeal, it could do nothing in the case but transfer the record to this court as provided by section 1657. Its attempt to affirm the judgment is utterly void, and the same as though no action had been taken. The record in contemplation of law still remains in that court to be transferred to this court in obedience to the writ prayed by petitioners. State ex rel. v. St. Louis Court of Appeals, 97 Mo. 276; Ensign Mfg. Co. v. McGinnis, 30 W. Va. 532; Jackson v. Maxwell, 5 Rand. (Va.) 636; French v. Noel, 22 Gratt. 454; Hein v. Smith, 13 W. Va. 358; Darby v. Cozens, 1 Term R. 552; 2 Spelling, Ex. Rel., sec. 1734.

*Culver & Phillip* for respondents.

(1) Title to real property was not involved in Rieschick v. Klingelhoefer et al. so as to confer jurisdiction of the appeal upon this court. Price v. Blankenship, 144 Mo. 209; Heman v. Wade, 141 Mo. 598; Bradley v. Ins. Co., 147 Mo. 634. If the doctrine laid down in these cases is applied to the case at bar it is clear that the title to real property is not involved in the controversy between Rieschick and Mrs. Ziemendorf's daughters. The decree entered by the trial court

and affirmed by the Court of Appeals did not affect the title to the property in the least. Before the suit of Rieschick v. Klingelhoefer et al. was brought, the title to the property was in the defendants, the daughters of Mrs. Ziemendorf, and after the decree was rendered the title remained in them. The decree did not divest the title out of them or declare that they were not the owners of the property or vest it in Mrs. Ziemendorf. It simply established Rieschick's judgment as a lien upon the property and ordered it sold to satisfy that lien. The theory upon which this decree was asked by Rieschick, the theory on which it was entered by the trial court and the theory on which the decree was affirmed by the Kansas City Court of Appeals was: Conceding the fact to be that the defendants in that case, Mrs. Ziemendorf's daughters, were really the owners of the property, still they were estopped to claim the ownership of that property because they had permitted the debtor, Mrs. Ziemendorf, to take the apparent title in her name, hold herself out to the world and to Rieschick as the owner, and to obtain the credit from Rieschick upon the faith of her apparent ownership. Upon this theory of the case the title to real property was not and could not be involved. There could be no dispute between Rieschick and the defendants as to the ownership of the property or the title thereto. The defendants in that case were conceded to be the owners of the property. The plaintiff claimed the right to subject it to the payment of his judgment against Mrs. Ziemendorf not because she had any title to the property, but because, as against him, the defendants were estopped to claim ownership of it since they had induced the plaintiff by their actions to extend credit to Mrs. Ziemendorf upon the faith of her apparent ownership. (2) It is no ground for issuing a writ of prohibition that the trial court or the Court of Appeals may have erred in adjudging that Rieschick's judgment was a lien upon the property upon the theory hereinabove stated. A writ of prohibition is never allowed to usurp the functions of a writ of error or certiorari, and can never be

employed as a process for the correction of errors of inferior tribunals. State ex rel. v. Burckhartt, 87 Mo. 533; Coleman v. Dalton, 71 Mo. App. 25; 19 Am. and Eng. Ency. Law (1 Ed.), 265. Evidently the attempt in this case is to so employ it. Upon the facts the writ of prohibition should be denied for two reasons: (a) A litigant can not appeal to one court, submit his case with the question of jurisdiction "concealed in his sleeve," obtain the judgment of the court, and then, if it be adverse to him, attack its jurisdiction for the first time by resort to prohibition. "The writ of prohibition does not issue *ex debito justitiae* but only in the discretion of the court. When the applicant has made out his prima facie case, bringing it within the technical requirements of the law, the question still remains for the court, does the real right and justice of the case call for this extraordinary remedy? In determining this question, if there is anything in the circumstances suggesting that the party has neglected to apply for relief that was reasonably available, the writ would be withheld, at least until such relief was sought." State ex rel. v. Aloe, 152 Mo. 484. (b) If upon an appeal there are two assignments of error, one of which the Court of Appeals has the jurisdiction to determine and the other one of which the Supreme Court has the exclusive jurisdiction to decide, and the appellant voluntarily takes his appeal to the Court of Appeals instead of to the Supreme Court and submits his case to the jurisdiction and decision of that court, solely upon the assignment of error which, but for the other assignment of error, it has power to determine, and that court decides against him, can he then, for the first time, question the jurisdiction of the court and ask to have the case transferred? This very question was presented to this court in Landis v. McDonald, 86 Mo. App. 335. (3) It is admitted that long before the petition for the writ of prohibition was filed in this case the Kansas City Court of Appeals had finally heard and determined the case of Rieschick v. Klingelhoefer and ceased to entertain or have any jurisdiction or control of said cause. Before

this petition was filed the mandate had been sent to the Buchanan Circuit Court and the Court of Appeals had adjourned its term. And the judges of that court "were not, at the time the petition herein was filed, entertaining nor have they since said time entertained jurisdiction of said cause of Rieschick v. Klingelhoefer et al., nor were they, at said times, proceeding therein nor are they about to proceed or to assume, nor do they claim to have any further jurisdiction in said case." Upon this state of facts prohibition should not go. "Where the proceedings which it is sought to prohibit have already been disposed of by the court, and nothing remains to be done either by the court or by the parties, the cause having been absolutely dismissed by the inferior tribunal, prohibition will not lie." High Ex. Leg. Rem., secs. 766, 774; Lloyd on Prohib., 12; Darby v. Cozens, 1 Term R. 552.

VALLIANT, J.—This is an application for a writ of prohibition to be directed against the judges of the Kansas City Court of Appeals on the alleged ground that they have assumed appellate jurisdiction of a case in which title to real estate is involved.

For the purposes of this application the following is a sufficient statement of the facts:

The petitioners, Elizabeth Klingelhoefer et al., in December, 1897, brought a suit in equity against Margaret Ziemendorf, their mother, alleging that she had purchased certain real estate in the city of St. Joseph with their money and had taken the title in her own name, and praying that she be divested of the title and that the same be vested in them. A decree was rendered in accordance with that prayer.

In May, 1898, one Rieschick obtained judgment in the Buchanan Circuit Court for $525.01 against Margaret Ziemendorf, and in April, 1899, he filed a suit in equity against her and her daughters, the petitioners in this proceeding, the plaintiffs in the case just mentioned, alleging that he had loaned the money on which his judgment was founded, to Margaret Ziemendorf, on the

faith of her ownership of the land mentioned; that she had bought the land and improved it with her own money; that her daughters knew that she took the title in her own name and obtained the loan from him on the credit of the land; that their suit against her was to defraud him by taking the title out of her and leaving nothing with which to satisfy his judgment. The prayer was that the mother be reinvested with the title in so far as to render the land subject to the judgment. The finding of the court was that the land was bought and improved with moneys belonging to the mother and the daughters, without specifying proportions, and that the daughters had knowingly permitted the title to be taken in the mother's name and the credit thereby given her on which the loan was obtained from the plaintiff in that suit, and the decree was that, as to that plaintiff, the title was in the mother and the land subject to the plaintiff's judgment, which was declared to be a lien on it, and it was decreed to be sold to satisfy the same. From that judgment the daughters prayed an appeal which was granted, but the order granting the appeal did not specify the court to which it was to go. The appellants caused the record to be lodged in the Kansas City Court of Appeals, where they filed assignments of error, and where the cause was regularly heard on its merits, and a judgment affirming the judgment of the circuit court. Then the appellants filed a motion in that court to transfer the cause to this court, assigning as the ground for the motion that title to real estate was involved. The court overruled the motion and the mandate affirming the judgment went to the circuit court. After that those appellants filed this petition for a writ of prohibition.

I.   The point is made in the briefs for respondents that appellants, by voluntarily carrying the record to the Kansas City Court of Appeals, assigning errors, filing briefs and submitting to judgment therein, are estopped to deny the jurisdiction of the court. But that point can not be sustained. If title to real estate was involved in the suit, the Court of Appeals did not

have jurisdiction of it, and no act of the parties, either by agreement or estoppel, could confer jurisdiction. It is therefore of no significance, in its effect on the judgment of the Court of Appeals, that the appellants lodged the record in that court, and submitted the cause for its judgment. If the Court of Appeals had no jurisdiction in the case, its judgment is a nullity, and the judgment of the circuit court is not affected thereby.

II.   The record shows that the Court of Appeals had concluded whatever it had to do with the case, had rendered final judgment, overruled the motion to transfer to this court, sent its mandate to the circuit court and adjourned the term before this application for a writ of prohibition was made. That court was not therefore doing or indicating an intention to do, anything in the matter; the case was no longer in the court. A writ of prohibition will have the effect to undo what has already been done in a case where the court against which the writ goes has begun to take action, but has not finished. But when the court has exhausted its force, rendered its final judgment and nothing is left undone, there is nothing to prohibit. [High on Ex. Legal Rem., sec. 766; State ex rel. v. St. Louis Court of Appeals, 97 Mo. 276.]   It is not stated in the petition that the Court of Appeals is doing or is about to do anything to enforce its judgment. On the contrary, that court has nothing to do with enforcing the judgment; it merely affirmed the judgment of the circuit court, which latter is the only court that can enforce it.   A judgment of affirmance is self-executing; it operates only on the judgment of the trial court. Petitioners are not entitled to a writ of prohibition.

III.   But in addition to the prayer for a writ of prohibition, is also a prayer for an order on the Court of Appeals to transfer the cause to this court. If that court had no jurisdiction of the subject it should have sustained the motion to transfer the cause to this court, and having failed to do so, it would devolve on this court to make an order requiring the transfer.   We are thus led to a consideration of the question, was title to

real estate involved in the suit?   There is no doubt
but that in the first suit mentioned, wherein these peti-
tioners sued their mother to have a resulting trust in
the land declared in their favor, title to real estate was
involved, but in the suit in which this appeal was taken
to the Kansas City Court of Appeals there was no title
to real estate involved.   The gist of the petition in the
case and of the decree was that those daughters had
knowingly and approvingly allowed the title to be taken
in their mother's name, and thereby had given her a
credit on the faith of which the plaintiff had loaned the
money which was the foundation of the judgment, and
the prayer of the petition was that as to him the title
should be deemed to be in the mother, and the land sub-
jected to the payment of plaintiff's judgment.   And
that was the decree.   The title as between mother and
daughters was not sought to be disturbed, but because
they had misled the plaintiff to his disadvantage by
their behavior, the decree was that their land should
be charged with the debt.   The title to real estate was
not involved in the case and the Kansas City Court of
Appeals had jurisdiction.   [State ex rel. v. Court of
Appeals, 67 Mo. 199; Baier v. Berberich, 77 Mo. 413;
Syenite Granite Co. v. Bobb, 97 Mo. 46; Carrigan v.
Morris, 97 Mo. 174; Bailey v. Winn, 101 Mo. 649; Price
v. Blankenship, 144 Mo. 203; Vandergrif v. Brock, 158
Mo. 681; Bruner Granitoid Co. v. Klein, 170 Mo. 225.]

    Under the circumstances of this case the petitioners
are not entitled to the writ of prohibition nor to an
order to transfer the cause to this court.

    All concur.