NELLIE J. KENNEDY v. ROBERT C. DUNCAN et al., Appellants.

### Division One, December 23, 1909.

**DOWER: Appeal: Jurisdiction: Monetary Judgment.** In a suit to admeasure dower in land and praying for and resulting in a monetary judgment in the widow's favor, and made a special lien on the land, title to real estate is not so involved as to give the Supreme Court jurisdiction over the appeal by defendants, although the question of whether or not she was entitled to dower was an issue in the case. Although title to real estate is put in issue by the pleadings and is incidentally involved yet as the trial resulted in a monetary judgment, and was the only judgment prayed for and appealed from, it can be satisfied by the payment of money, and title is not so involved as to vest the Supreme Court with jurisdiction.

Appeal from Lincoln Circuit Court.—*Hon. James D. Barnett,* Judge.

Transferred to St. Louis Court of Appeals.

*Chas. Martin* for appellants.

*Wm. A. Dudley* for respondent.

VALLIANT, J.—This appeal came to this court on the idea that title to real estate is involved, but in looking into the record we find that that is not the case. The suit was begun in the circuit court of Lincoln county by the plaintiff, as widow of Armstrong L. Kennedy, deceased, claiming to be entitled to dower in certain land alleged to have belonged to her husband in his lifetime, and which had been sold under execution against him and the title derived by the purchaser, at the sheriff's sale had come down to and was then held by the defendants. The petition also stated that in lieu of the land to be set apart to her as dower she was willing to take the money value of her dower interest. The prayer of the petition was that she have judgment for $100, as damages for deforcement, and $10 a month for rents and profits, and for value of her dower in money to be estimated at its present worth under life tables. The answer of defendants, besides a general denial, set up affirmatively certain facts which they claimed precluded the plaintiff's right to dower. The court found all the issues in the widow's favor and assessed the value of her dower at $304.60 and her damages at $22.24, and the judgment was that the plaintiff have and recover of defendants the sum of $326.84 and costs. The plaintiff was seemingly satisfied with the judgment, at all events she took no appeal, but the cause came here on the defendants' appeal.

In Robinson v. Ware, 94 Mo. 678, it was held that a widow's suit for the admeasurement and allotment of her dower was a real action and therefore barred by the ten-year Statute of Limitations. That suit arose before the enactment of section 4558, Revised Statutes 1889, now section 2979, Revised Statutes 1899, which

specially limits such actions to ten years, and therefore that decision was not based on that section of the statute, but on the ground that it was a suit to recover possession of real estate and came within the general ten-year limitation. The correctness of that decision has not been questioned. Therefore we may assume that if this were a suit under section 2955, Revised Statutes 1899 and following, which prescribe the procedure to be taken by a widow to recover her dower and damages for her deforcement, and if the defendants by their answer had denied her right to dower and if the judgment had assigned dower to her and the defendants were here appealing from such judgment, or if the judgment had denied her dower and she were here appealing from such judgment, title to real estate would be involved. But such is not this case. In her petition, so far as the abstract shows, she does not ask for land nor does the judgment give her land, but, after stating in her petition facts showing that she is entitled to dower, and that she has been deforced thereof by the defendants, she prays that the value of her dower be computed and that she have judgment for the value so to be found together with damages and costs.

Section 2955, Revised Statutes 1899, Ann. Stat. 1906, p. 1703, gives the widow who is entitled to dower and who has been deforced thereof the right to sue and recover the same with damages for the detention. Sections 2957, 2958 and 2959 prescribe who may be made defendants and the course of the procedure. If on the trial the findings should be in the widow's favor the judgment to follow, as prescribed by section 2960, would be that she be seized of her dower and recover the damages assessed for the deforcement and that commissioners be appointed to assign and admeasure the dower. Sections 2961 and 2963 prescribe the course to be pursued by the commissioners, and 2963 how the damages are to be assessed when the report of the commissioners is approved and that a writ of possession

for land and execution for the damages issue. If the report of the commissioners shows that the land is not susceptible of division, sections 2964 and 2965 prescribe that a jury shall be impaneled to inquire of the yearly value of the dower and a judgment that such value be paid to her yearly. But nowhere in that statutory proceeding is there any provision for the widow to recover the value of her dower in a gross, sum. Therefore this suit is not the suit authorized and prescribed by the statute for the admeasurement of dower. Her right to recover the value of her dower in gross, if such right she have, will be found in the law elsewhere than in the statute above mentioned.

Defendants in their answer in this case state facts tending to show that the widow was not entitled to dower in the land mentioned in her petition. Of course, if she was not entitled to dower she was not entitled to recover the value thereof or damages for its detention in any form of action.

On the trial the court found that the plaintiff was entitled to dower, and as the petition prayed, computed its value and gave her judgment for that value and damages and costs. Thus we see that the question of whether or not she was entitled to dower was an issue in the case and the finding that she was so entitled was made the basis of the money judgment which followed, but the judgment did not give her dower and did not impair the defendant's title to land further than to impose the judgment as a lien on the land.

We have frequently decided that under that clause of the Constitution, section 12, article 6, which gives this court jurisdiction of "cases involving title to real estate," it is essential to our jurisdiction that title to real estate be directly affected by the judgment rendered; that although title to real estate be incidentally affected, yet if the result of the trial be a judgment that appellant can satisfy by the payment of money, title to real estate is not involved in the sense in which

that term is used in this connection in the Constitution. [McGregor v. Pollard, 130 Mo. 332; Fischer v. Johnson, 139 Mo. 433; Heman v. Wade, 141 Mo. 598; Price v. Blankenship, 144 Mo. 203; Edwards v. Railroad, 148 Mo. 513.]

And it has also been held that although title to real estate be put in issue in the pleadings, yet if the trial results in a money judgment, for the satisfaction of which a lien is given on the land, but the title is not otherwise affected by the decree, title to real estate is not so involved as to give this court jurisdiction under the clause of the Constitution mentioned. [Jones v. Hogan, 211 Mo. 45; Brannock v. Magoon, 216 Mo. 722; Klingelhoefer v. Smith, 171 Mo. 455.]

In the case at bar the widow's right to dower in the land specified is asserted in the petition and denied in the answer and the appellants are here insisting that respondent is not entitled to the judgment for $326.84 which she recovered, because they say it is the estimated value of what she claimed as her dower but to which she was not entitled. Therefore the court trying the appeal must review the proceedings of the trial court in which were tried the question on which the alleged right of dower depends.

A justice of the peace has jurisdiction in actions for tort where the damages claimed do not exceed a certain amount. But section 3837, Revised Statutes 1899, Ann. Stat. 1906, p. 2126, declares that a justice of the peace shall not have jurisdiction "of any action where the title to any lands or tenements shall come in question and be in issue."

Therefore if a plaintiff should sue in a justice court to recover $250 for alleged trespass committed by defendant in cutting timber on land which the plaintiff alleged belonged to him and carrying it away, and the defense should admit the acts of cutting and carrying away the timber, but aver that the land belonged not to plaintiff but to defendant, in such case title to

the land would "come in question and be in issue" and therefore the justice would not have jurisdiction.

Let us notice the difference in the language of the statute just quoted and that of the Constitution; in the one it is "where the title to lands shall come in question and be in issue," in the other it is "involving title to real estate." As was said in Brannock v. Magoon, above cited, the appeal is not from the petition, but from the judgment; therefore it is only where title to real estate is involved in the judgment that this court has jurisdiction. The judgment, of course, to be valid must be responsive to the pleadings, but whether responsive to the pleadings or not this court cannot entertain the cause on the idea that title to real estate is involved unless it so appears on the face of the judgment. The converse of the proposition is also true; if the judgment on its face should purport to dispose of the title to real estate although the pleadings did not call for it, the appeal would have to come here for review, because the judgment on its face would affect the title and this court only could reverse it on the ground that it was beyond the issues presented by the pleadings.

In the supposed case above mentioned if the suit for $250 for trespass should be brought in the circuit court the title to the land mentioned would be "in question and in issue," but the judgment would be either that the plaintiff have and recover so much money or else that the defendant go hence and recover his costs, in either of which events the appeal would go to the Court of Appeals, which court for the purpose of that case would have jurisdiction to review the action of the trial court on the question of title to the land, and the judgment of the Court of Appeals would incidentally reflect that court's opinion on the question of title, but would not judicially determine the claim of title of either party and would not hinder either party in another suit directly involving the title.

We have not intended herein to give or intimate any opinion on the merits of this case; what we have said is only intended to show that title to real estate is not involved and therefore we have no jurisdiction of the cause.

Transferred to St. Louis Court of Appeals. *Lamm, P. J.,* and *Graves, J.,* concur; *Woodson, J.,* dissents.