THE STATE ex rel. R. J. DUNHAM et al., Receivers of Metropolitan Street Railway Company, v. JAMES ELLISON et al., Judges of Kansas City Court of Appeals.

In Banc, June 25, 1919.

1. **CONFLICT IN OPINIONS: Certiorari to Court of Appeals: Review of Evidence: Demurrer.** In determining whether there is a conflict between an opinion of the Court of Appeals and the last previous decision of the Supreme Court, the latter court will not upon *certiorari* go to the bill of exceptions, as printed in the abstract, for the evidentiary facts, but for those facts it will go only to the opinion of the Court of Appeals; and if that opinion sets out facts sufficient to carry the case to the jury, the Supreme Court will not further review the evidence as printed in the abstract for the purpose of determining whether a demurrer to the evidence should have been sustained by the trial court.

2. **NEGLIGENCE: Death of Husband: Action Under What Statute?** A petition which alleges that defendants were operating a street car, which, through the negligence of their servants and agents in charge thereof, struck and killed her husband, and asking for ten thousand dollars as damages, is referable to Section 5425, Revised Statutes 1909.

3. ————: **Action Under Section 5425: Character of Negligent Acts: As Affecting Compensation.** In an action based on Section 5425, Revised Statutes 1909, brought by a widow to recover damages for the negligent killing of her husband, the jury are not authorized to consider the character of the negligent acts for the purpose of either increasing or decreasing the compensatory damages. Consequently an instruction telling the jury that, in determining the amount of damages they will allow her above the $2000 penalty, they "may take into consideration facts constituting negligence on the part of defendants causing the death," is erroneous.

4. ————: **Character of Negligent Acts: As Affecting Compensation: Under Other Statutes.** Under a petition charging simple negligence, whether the cause of action be based upon Section 5425, or Sections 5426 and 5427, Revised Statutes 1909, a consideration of the negligent acts of defendant for the purpose of enhancing compensatory damages, is improper.

5. ————: ————: ————: **Conflict in Opinions.** It is true that it was held in Boyd v. Ry. Co., 249 Mo. 110, that the jury, in allowing compensatory damages for defendant's negligent acts in killing

plaintiff's husband, could consider the "facts and circumstances attending the killing," but it was later ruled in State ex rel. Central Coal & Coke Co. v. Ellison, 270 Mo. 1. c. 656, that where no aggravating circumstances were pleaded an instruction which authorized the jury to consider the character of the negligent acts in allowing compensatory damages broadened the issues and was error; and although that ruling was made in a case based on Sections 5426 and 5427, the principle it announced is applicable to an action based on Section 5425, and therefore an opinion of the Court of Appeals, holding that an instruction authorizing the jury to take into consideration the character of defendant's negligent acts as an element of compensatory damages, in an action based on Section 5425, wherein the petition charged only plain or ordinary negligence, was not error, is in conflict with said ruling announced in said Coal & Coke Company case.

## Certiorari.

RECORD QUASHED.

*Clyde Taylor, R. J. Higgins* and *Charles L. Carr* for relators.

(1) The trial court erred in refusing to give relators' demurrer to the evidence and the Court of Appeals erred in sustaining the ruling of the trial court refusing to give said demurrer, in so doing refusing to follow the last previous rulings of the Supreme Court. (a) The motorman was not guilty of negligence under the humanitarian doctrine in failing to stop his car after discovering Griggs lying on the track within fifteen feet of the car, and at a time when the car was going about eight miles an hour; the motorman having but a little over one second in which to avoid running over Griggs after discovering him. The humanitarian doctrine does not authorize a court to approve a verdict predicated on a mere guess as to what can be done in such instant time. Riggs v. Metropolitan St. Ry. Co., 216 Mo. 304; Trigg v. Water, Light & P. Co., 215 Mo. 521; McGee v. Wabash Railway Co., 214 Mo. 53u; Degonia v. Ry. Co., 224 Mo. 564; Burge v. Wabash Railway Co., 244 Mo. 76; Rollison v. Wabash Railway Co., 252 Mo. 535. (b) There was no evidence that

Griggs was on the track prior to the time that the motorman discovered him there. The whereabouts of Griggs from the time he went around the back of the car from which he alighted until he was seen by the motorman of the next car lying on the track within fifteen feet of the car are not known. The presumption is that he was in the exercise of due care and not on the track. Riggs v. Metropolitan Street Ry. Co., 216 Mo. 304; Degonia v. Railway. Co., 224 Mo. 564; Eckhard v. St. Louis Transit Co., 190 Mo. 593; Powers v. St. Louis Transit Co., 202 Mo. 267. (2) The trial court erred in giving to the jury, over the objection and exception of relators herein, instruction 3, for plaintiff, and the Court of Appeals erred in sustaining the trial court in its ruling giving said instruction, in so doing refusing to follow the last previous rulings of the Supreme Court. (a) Said instruction is erroneous under Secs. 5426 and 5427, R. S. 1909, in that it authorized a fixed penalty of $2000 and punitive damages over the sum of $2000 when aggravating circumstances and punitive damages are not pleaded or proved. State ex rel. Central Coal Co. v. Ellison, 195 S. W. 722. (b) Said instruction is erroneous under Sec. 5425, R. S. 1909, as amended in 1911, Laws 1911, p. 203, in that it authorizes punitive damages as well as compensatory damages over and above the fixed penalty of $2000, and does not limit the recovery over the sum of $2000 to purely compensatory damages. State ex rel. Central Coal Co. v. Ellison, 195 S. W. 722; Boyd v. Missouri Pacific Ry. Co., 249 Mo. 110; Barton v. Chicago & Alton Ry. Co., 176 Mo. App. 14; Johnson v. Ry. Co., 174 Mo. App. 16; Johnson v. Ry. Co., 270 Mo. 418; R. S. 1909, secs. 5425, 5426, 5427.

*J. Stanley Bassett* and *Cooper, Neel & Wright* for respondent.

(1) The trial court did not err in overruling the demurrer to the evidence. Scullen v. Railway, 184 Mo. 704; Werner v. Citizens Ry. Co., 81 Mo. 373; Isabel

v. Railroad, 60 Mo. 482;   Trigg v. Water, L. & P. Co.,
215 Mo. 538;   Deschner v. Railway Co., 200 Mo. 329;
Murphy v. Railway Co., 228 Mo. 82;   Lyons v. Railway
Co., 253 Mo. 157.   (2)   The court did not err in giving
plaintiff's Instruction Number 3 on the measure of
damages.   Boyd v. Railway Co., 249 Mo. 120;   Tanner
v. Railway Co., 186 Mo. App. 271;   Loomis v. Street
Railway Co., 188 Mo. App. 205;   Kiser v. Railway Co.,
188 Mo. App. 179.

GRAVES, J.—*Certiorari* to the Kansas City Court
of Appeals.   There are many things in the abstract
which cannot be determined here.

We are asked to review the record of the Court of
Appeals in the case of Georgia B. Griggs v. Robert
J. Dunham at al., Receivers of the Metropolitan Street
Railway Co.   There is a dispute as to whether the action
is one under Section 5425, Revised Statutes 1909, or
under Sections 5426 and 5427 of said statutes.   This
matter is duly referred to in the opinion of the Court
of Appeals.   The action *nisi* was one for the alleged
negligent killing of plaintiff's husband, Charles C.
Griggs.   In the circuit court plaintiff had judgment
for $7000 and this judgment was affirmed by the Court
of Appeals.   Inasmuch as there is a dispute as to the
statute under which the petition was filed, we quote from
the petition the following:

"Plaintiff states that on or about the 7th day of
December, 1915, her husband, the said Charles C. Griggs
was carelessly and negligently run against, upon and
over while on Troost Avenue, in Kansas City, Missouri,
at or near the junction of Thirty-eighth Street or
Manheim Road, by a street car belonging to and being
operated by the defendants, Robert J. Dunham and Ford
F. Harvey, Receivers of the Metropolitan Street Rail-
way Company, their agents, employees and servants.
That defendants, their agents, servants and employees
operating said car of defendants at said time and place
were guilty of carelessness and negligence in this, to-

wit: That they saw, or by the exercise of ordinary and reasonable care could have seen, said Charles C. Griggs lying on the street car track in a position of imminent peril from said car in front of said car so operated by the defendants' employees, agents and servants, in an apparently unconscious condition, a sufficient distance in front of said car to have stopped same, acting with ordinary and reasonable care such as should have been used by persons operating street cars, before they ran said car against, upon and over the body of said Charles C. Griggs, thereby killing him, but that defendants, their agents, servants and employees, carelessly and negligently failed and neglected to stop said car before running it against, upon and over said Charles C. Griggs.

"Plaintiff further states that as a result of thus being carelessly and negligently run into, upon and over by the said street car as aforesaid by the defendants, their agents, employees and servants, said Charles C. Griggs, died; that plaintiff has been damaged by reason of said carelessness and negligence of the defendants, their agents, employees and servants as aforesaid in the sum of ten thousand dollars, for which she asks judgment against the defendants, together with her costs in this behalf expended."

The things of vital importance here are (1) conflict between the opinion of the Court of Appeals and our opinions on the admissibility of certain specified evidence, and (2) conflict between the opinions of the Court of Appeals and our opinions upon the giving of certain instructions, including a demurrer to the evidence. As said, there is much urged that has no place here in a case of this character, but all such matters can be dealt with in the course of the opinion. This suffices for an outline of the instant case.

I. We are asked to review the evidence in the abstract of record filed in the Kansas City Court of Appeals, and determine from the evidence the question as to whether or not the demurrer to the evidence (in the

trial court) should have been sustained. The court of
Appeals held that there was a case for the
jury, and sustained the trial court in that re-
gard. The opinion sets out facts sufficient to
carry the case to the jury. The majority members of
this court may disagree upon what shall be considered
a part of the opinion of the Court of Appeals, but it is -
at least settled that we will not go to the bill of excep-
tions, as printed in the abstract, for the evidenciary facts.
For the facts as disclosed by the evidence in the case, we
go only to the Court of Appeals opinion. [State ex. rel.
Wahl v. Reynolds, 199 S. W. 978.]

*Review of Evidence.*

For the writer's individual views on the rule in
Wahl's case, supra, see concurring opinion in State ex.
rel. v. Reynolds, 200 S. W. l. c. 1041, and the cases
therein cited. It is safe to say (all of our recent rulings
considered) that we will go only to the opinion of the
Court of Appeals for the facts in evidence. In other
words that we will not review the case as one upon ap-
peal here. This rule precludes us from examining the
evidence of witnesses to determine *de novo,* as it were,
the question whether there was evidence to take the
case to the jury. The Court of Appeals found that
there was such evidence (stating the facts shown) and
we will go no further.

Counsel for appellant no doubt overlooked our
recent rulings in urging upon us an examination of the
bill of exceptions, *nisi,* for the facts. Whilst there has
been a division of the court upon the question, this mat-
ter is precluded by the latter cases. [State ex rel. v.
Ellison, 210 S. W. 881; State ex. rel. v. Ellison, 273
Mo. l. c. 230.] As to what may be said to be included
in an opinion of the Court of Appeals, is not discussed
in the later cases.

II. An important question is, as to what statute
of the State is the petition of the plaintiff referable.
The Court of Appeals says the cause of action is based
upon Section 5425, Revised Statutes 1909, as amended
in 1911, Laws 1911, p. 203, and in this we think that

court is correct. Culling out the immaterial
Under What parts, the said section, so far as applicable to
Statute.
this point, reads: "Whenever any person
. . . shall die from any injury resulting or occasioned
by the negligence, unskillfulness, or criminal intent of
any . . . agent, servant or employee, whilst running,
conducting or managing . . . any street, electric or
terminal car, or train of cars . . . the corporation
. . . in whose employ any such . . . agent, ser-
vant, employee . . . shall be at the time such injury
is committed . . . shall forfeit and pay as a penalty
for every such person . . . the sum of not less
than two thousand and not exceeding ten thousand
dollars, in the discretion of the jury."

The allegations of plaintiff's petition bring the case
squarely under this section. It is charged that de-
fendants were operating the street car which struck
the deceased. It is charged that the accident occurred
through the negligence of defendants' servants or em-
ployees. It is true that there is a prayer for $10,000,
but plaintiff may make proper proof and recover such
sum.

It should be noted that this section (5425) refers
particularly to the operators of public conveyances,
and names specifically the operator of a street car. To
my mind, Section 5426, Revised Statutes 1909, was in-
tended to cover cases not specifically provided for by
Section 5425. But this is adrift. The allegations of
plaintiff's petition bring her case within the purview
of Section 5425, and the Court of Appeals were right in
so ruling. The plaintiff belonged to the class specifical-
ly provided for by said Section 5425, supra.

III. On the theory that the suit is one under Sec-
tion 5425, Revised Statutes 1909, we then have the very
interesting questions (1) as to the propriety
Character of of plaintiff's instruction as to the measure
Negligence.
of damages, and (2) the alleged conflict be-
tween the ruling of the Court of Appeals and this court.
This instruction reads:

"This court instructs the jury that if you find for the plaintiff you shall allow her such a sum, not less than $2000 and not more than $10,000, in the discretion of the jury, and in determining the amount you will allow her you may take into consideration the pecuniary loss, if any, occasioned to the plaintiff by the death of her husband, *and you may take into consideration facts, if any, constituting negligence, if any, on the part of the defendants causing the death (if you so find)*; and in considering the subject of her pecuniary loss, if any, you may consider what would have been the value of her support, if any, from her husband from the time of his death during the time he would probably have lived and supported her, and you may also consider the additional burden, if any, falling upon her of the support of her minor child by reason of his death."

We have italicized the clause in the instruction which is urged as being erroneous. By this instruction the jury was told that in considering the amount of damages they would award plaintiff the jury could consider two things (1) the pecuniary loss occasioned to her by the death of her husband, and (2) the facts constituting negligence upon the part of the defendants. The instruction clearly authorized the jury to consider both of these things in fixing the amount of the damages to plaintiff. It is to the second proposition that relator objects. They say that under Section 5425, supra, the pecuniary loss to plaintiff was the only thing which should be considered to raise her damages above the $2000 penalty fixed by the statute. The relator urges that under this statute the facts and circumstances of the negligence were not to be considered to enhance the damages, but should only be considered for the purpose of fixing liability.

It will be noted from our quotation from the petition that the plaintiff plants her right to recovery upon negligence, and not otherwise. The statute covers in the disjunctive, "negligence, unskillfulness, or criminal intent" of the agent or employee of the offending cor-

poration. But this plaintiff only invokes the "humanitarian doctrine" of negligence. This is of value in the consideration of the instructions. We have ruled that this statute covers both a penalty and compensatory damages. That the sum of $2000 is the penalty, and the remainder up to the $10,000 limit is compensatory. [Boyd v. Railway Co., 249 Mo. 110; Johnson v. Railway Co., 270 Mo. 1. c. 428.] The latter case expressly approves the Boyd case upon this particular question. That the jury had the right to consider the acts of negligence, and the circumstances in evidence tending to show negligence, for the purpose of showing liability both as to the penalty and the compensatory damages, there is no question, and this was in fact submitted to the jury in plaintiff's instruction number 1. But that is not the question here. This instruction number 3 allowed the jury to consider the acts of negligence and the circumstances tending to show negligence, for the purpose of enhancing damages. We do not think this is proper under this section of the statute, with the petition before us in this case, if indeed it would be proper in any case under such section of the statute. It may be borne in mind that we are not dealing with a case under Section 5426 and 5427 of our Damage Act. Nor are we dealing with a case involving punitive damages. In cases wherein punitive damages are recoverable, such damages must be separately stated (R. S. 1909, sec. 1796) and must be separately found in the verdict (Sec. 1797). Section 5425, the statute under which this action was brought, does not authorize the jury to consider the character of the negligent acts either to increase or diminish the compensatory damages. Nor does this Section 5425 allow the jury to consider "the mitigating and aggravating circumstances attending such wrongful act, neglect or default," as is allowable in proper actions falling under Sections 5426 and 5427, Revised Statutes 1909.

The statute (Sec. 5425) does not contemplate a consideration of the character of the negligent acts to

either increase or diminish plaintiff's compensatory damages. Any kind of negligence shown authorized the recovery of the penalty of $2000. We have no degrees of negligence in Missouri, so far as the right to recover for negligence is concerned. We are confining our remarks to the case in hand, and to the statute under which it is brought. We have no doubt that the giving of this instruction number 3 for plaintiff was error. The matter of conflict we consider next.

IV. The Court of Appeals in the opinion says that the instruction is one approved by this court in Boyd v. Ry Co., 249 Mo. 110. It is true that instruction numbered 2 in the Boyd case, supra, is practically like instruction numbered 3 in this case. In effect and meaning they are the same. It is also true that in paragraph one of that opinion BROWN, J., did say:

"Upon a full consideration of this case In Banc we are convinced that it was the intention of the General Assembly by the Amendment of 1905 to leave the provisions of Section 5425, supra, penal in their nature, so far as said section fixes the amount of recovery at not less than $2000, but where a plaintiff, as in this case, seeks to recover under said section a larger sum than $2000, the jury or court in preparing itself to exercise a wise and just discretion should receive evidence of the age, condition of health and earning capacity of the party killed, and the consequent loss to the plaintiff thereby, *together with the facts and circumstances attending the killing,* for which damages are sought to be recovered."

Just above the quotation, supra, he also used the following language:

"It follows that if this action is based on said Section 5425, Revised Statutes 1909, the admission of the evidence complained of and the giving of plaintiff's said instruction numbered 2 based on said evidence did not constitute reversible error."

Taking the two together it would look like we held that "the facts and circumstances attending the killing"

might be considered to enhance the compensatory damages. They could not enhance the penalty, because liability fixed the penalty at $2000, and no evidence could either increase or diminish it. As to the penalty "the facts and circumstances attending the killing" would have no place in an instruction on the measure of damages. The statute measured this portion of the damages, and its measurement is inflexible.

The Court of Appeals says that six of us endorse this Instruction No. 2 in Boyd's case. This is an error. The writer hereof, as appears from a separate concurring opinion in Boyd's case (249 Mo. l. c. 132), concurred specially. It is true that we are marked as concurring in paragraph one of Judge Brown's opinion but our opinion does not so show. We concurred only as to the ruling that Section 5425 was penal as to the $2000 and compensatory as to the remainder. We nowhere concurred in the propriety of Instruction No. 2 for plaintiff in that case. Judge Brown in marking the concurrence to his opinion might have so construed our opinion, but the language thereof does not bear such construction.

Since writing the above I have sent for the original files in the case. All opinions therein were filed on March 28, 1913. Judge Brown thus marked (in his own hand writing) his opinion: "*Walker* and *Faris, JJ.,* and *Lamm, C. J.,* concur in  paragraphs one and two and the result; *Bond* and *Graves, JJ.,* concur in paragraph one and in result; *Woodson, J.,* dissents in opinion filed. John C. Brown, Judge." It will be noted that he says nothing about my separate concurring opinion, which was filed at the same time. Nor does he say anything about Faris, J., concurring with me. My opinion thus closes: "*Faris, J.,* concurs, in these views. W. W. Graves, J."

It is clear from my opinion that I did not concur in all of paragraph one, and I think reasonably certain that Judge Faris did not so concur. However, there is a concurrence of four judges on paragraph one, including Judge Brown, and this suffices to make said

paragraph the law. It does approve the instruction, although the point urged in this case was not urged, or up for consideration. The Court of Appeals was justified in saying that we had approved the instruction. So that so far as the Boyd case is concerned, our ruling is in harmony with that of the Court of Appeals. We, in my judgment, were wrong (no doubt because the point was not urged), but we cannot convict the Court of Appeals for following. us, unless we have by later expressions overruled Boyd's case on the matter here involved.

V. Whilst it must be said that at least four judges of this court (with the point not raised or urged) have approved of an instruction like plaintiff's instruction numbered 3, in the instant case, yet in my judgment we have expressed a contrary view in a later case. We refer to State ex rel. Central Coal & Coke Co. v. Ellison, 270 Mo. l. c. 656. It is true that the action under review in that case was one under Sections 5426 and 5427. The instruction, however, was borrowed bodily from Boyd's case in 249 Mo. l. c. 120. It is in substance the instruction involved here. In discussing that instruction, we said:

"It must be remembered that this statute is fixing the liability not only in simple cases of negligence, but in cases of wilful wrongful acts. These sections, 5426 and 5427, Revised Statutes 1909, furnish the basis for wilful wrongs such as unjustifiable assaults. [Gray v. McDonald, 104 Mo. 303.] The clause in this instruction directing the jury to specifically consider the facts constituting the negligence sounds much like authorizing the jury to aggravate the damages if the evidence of negligence would justify. The instruction with this phrase in it was error for two reasons: (1) there were no aggravating circumstances shown, and, therefore, the instruction was broader than the evidence; and (2) the petition did not plead such a case. So that this, like the first instruction discussed in paragraph one hereof, broadened the issues, and the court violated our rule

as expressed in the cases cited, supra, in holding that such was a proper instruction. Other points made need not be discussed. From what is said the record of the Court of Appeals should be quashed, and it is so ordered.''

This case was called to the attention of the Court of Appeals, but such court was of the opinion that it was not in point. It is true that the Coal Company case is under a different statute, but there is a principle of law announced in it, which is applicable to actions under Section 5425, as well as to actions under Sections 5426 and 5427. We said in the Coal Company case, supra, that the very phrase of the instruction criticised in this case, has no place in the instruction, because the pleading did not authorize it. The same is true here. We have purposely set out the pleading. It contains nothing to authorize the recovery of aggravated damages by reason of the peculiar circumstances of the killing. Such was the situation in the Coal Company case. Upon this point this case and the Coal Company case are identical. It is true that the Court of Appeals says: ''The petition states a case and the evidence proves a case of the grossest carelessness. The case stated and proved show that in running over deceased, the motorman was guilty of criminal carelessness.'' We have quoted the material portion of the petition in full. We cannot agree to the ruling that the petition charges either ''the grossest carelessness'' or ''criminal carelessness.'' What the evidence may have shown, we are precluded from speaking. It is certain that the petition only pleads the ordinary negligence involved in cases having for their basis the humanitarian rule i. e. plain, ordinary negligence. We think this instruction numbered 3 was condemned by this court in the Coal Company case, supra, and such is the last ruling of this court thereon. The differences in the two statutes do not change the principle upon which it was condemned. The principle is common to cases under both statutes. That common principle is, that under a petition charging

simple negligence a consideration of the negligent acts themselves for the purpose of enhancing compensatory damages, is improper. Nor do I think approval would have been given to the instruction in Boyd's case, supra, had the court's attention been called to the question now urged against it, as it was called to our attention in the Coal Company case, supra. What was uppermost in the mind of the court in Boyd's case, was that evidence was required to entitle a plaintiff to a sum in excess of the penalty of $2000. I think there is clear conflict. The instruction is erroneous in that it permits the jury to consider the circumstances of the killing in aggravation of the widow's compensatory damages.

Other matters of conflict need not be noted. They may be cared for, if they exist, in a trial anew in the circuit court, where the case will have to go, under our views above expressed.

The record and judgment of the Court of Appeals is, for the reasons above, quashed. *Walker, Faris* and *Blair, JJ.,* concur; *Bond, C. J.,* concurs for conformity to our rule as to jurisdiction in such cases; *Williams, J.,* dissents to paragraph 5 and the result; *Woodson, J.,* not sitting.