STATE OF MISSOURI at the relation of TINEY PEMBERTON ET AL., Relators, v. HOPKINS B. SHAIN ET AL.—124 S. W. (2d) 1087.

Court en Banc, February 7, 1939.

16

*Roy D. Williams, Barney Reed, Morgan M. Moulder, C. D. Snod-grass* and *Harry Kay* for relators.

*Irwin, Bushman & Buchanan, W. S. Stillwell* and *H. M. Atwell* for respondents.

DOUGLAS, J.—This is an original proceeding in certiorari to review for jurisdiction the record in the case of Willie E. Plemmons et al. v. Tiney Pemberton et al., decided by the respondent Judges of the Kansas City Court of Appeals and reported in 117 S. W. (2d) 392.

The petition filed in the circuit court alleged that two brothers, Crockett M. Wall and George P. Wall in 1916 entered into an agreement to make a joint will under which the surviving brother would have a life interest in the estate of the other brother, and upon the death of the survivor the plaintiffs would receive all the property of both brothers; that in pursuance of such agreement two wills, identical except for names, were simultaneously executed as mutual and reciprocal wills each being made in consideration of the will made by the other; that Crockett M. Wall died and under his will George P. Wall received a life interest in all his brother's property, the property being subject to his disposal; that in 1936 George P. Wall made

another and different will, naming the defendants as recipients of all his property including real property which is specifically devised, and thereafter he died; that his will made in 1936 was duly admitted to probate. The petition asserted that because of the agreement with his brother, George P. Wall had no power or authority to make the latter will and that therefore the defendants have no right to the property which they are claiming under it. The prayer of the petition asked the court to bar the defendants from setting up or claiming any right or title in the property, including real property, of which George P. Wall died seized and further asked that the title to all such property be vested in the plaintiffs.

After a trial in the circuit court the case was appealed to the Kansas City Court of Appeals where it was heard and decided and the opinion of the court promulgated. Then application for certiorari was made to this court on the ground that the Kansas City Court of Appeals had no jurisdiction of the case because title to real estate is involved and our writ issued.

If title to real estate is involved, then this court has exclusive jurisdiction of this suit on appeal under Article VI, Section 12 of the Constitution of Missouri. Such being the case no act of the parties either by agreement or estoppel can confer jurisdiction on the Court of Appeals. [Klingelhoefer v. Smith, 171 Mo. 455, 71 S. W. 1008.] Certiorari is the proper remedy to confine an appellate court within the limits of its constitutional and legal authority. [Art. VI, Sec. 3, Const. of Mo., and Sec. 8 of the Amendment of 1884; State ex rel. Aquamsi Land Co. v. Hostetter, 336 Mo. 391, 79 S. W. (2d) 463, and cases therein cited.]

At the outset of our determination of the jurisdiction of this case we are met by the contention of respondents that our search for jurisdictional factors is limited to the opinion only of the Kansas City Court of Appeals. It is the rule that in a proceeding in certiorari where our writ is sought on the ground that a decision of one of the Courts of Appeals conflicts with our latest previous ruling, we would be so limited to the opinion and to such pleadings and documents as are referred to therein and made in part a basis of the decision. The reason for such rule is that the use of the writ for that purpose is not only to confine a Court of Appeals within a ruling previously announced by this court but also chiefly to maintain harmony of decision as expressed in the opinions of all of the appellate courts of this State. [State ex rel. Dunham v. Ellison, 278 Mo. 649, 213 S. W. 459; State ex rel. McNulty v. Ellison, 278 Mo. 42, 210 S. W. 881.]

This proceeding in certiorari, as we have pointed out, is for the purpose of ascertaining whether the Court of Appeals had jurisdiction to decide this particular case. The entire record is before us for examination. [State ex rel. Kennedy v. Remmers, 340 Mo. 126, 101 S. W. (2d) 70.]

■ The question whether title to real estate is involved in a case has been discussed at length in Nettleton Bank v. Estate of McGaughey, 318 Mo. 948, 2 S. W. (2d) 771, which reviews many of our decisions on the subject. There the rule was declared that where the judgment sought or rendered would take title from one litigant and give it to another, title would be involved within the meaning of the Constitution and jurisdiction of the case would be vested in this court. This rule has been approved in Tucker v. Burford, 337 Mo. 1073, 88 S. W. (2d) 144, in Ballenger v. Windes, 338 Mo. 1039, 93 S. W. (2d) 882, and in Gibbany v. Walker, 342 Mo. 156, 113 S. W. (2d) 792.

Furthermore, we have held that the contest of a will devising realty is within the exclusive appellate jurisdiction of this court as involving title to real estate. In Proffer v. Proffer, 342 Mo. 184, 114 S. W. (2d) 1035, this court said: "The cases are numerous that a suit to set aside a deed involves title to real estate, and we can perceive no difference in reason and principle, so far as concerns the question of title, in a suit to set aside a deed that conveys real estate, and a suit to set aside a will that devises real estate."

■ In the instant case plaintiffs seek to set aside the 1936 will because the testator had no authority to make it. This will which by its terms devised real estate was duly probated. The judgment admitting it to probate operated to transfer title to the real estate devised to the parties named in the will. [Rodney v. Landau, 104 Mo. 251, 15 S. W. 962.] The will is a muniment of title which plaintiffs, by this action, seek to avoid so as to annul the interest of defendants and to vest title in themselves. The petition explicitly seeks a judgment barring the defendants from claiming title and vesting title to the real estate in the plaintiffs. Jurisdiction of this case therefore is exclusively in this court on appeal. As our writ has brought the record here, we shall retain the case for argument and decision on the merits.

The opinion and judgment of the Kansas City Court of Appeals should be quashed. It is so ordered. All concur.