State of Missouri at the relation of Rose C. Brown, Relatrix, v. William C. Hughes, William Dee Becker and Edward J. McCullen, as Judges of the St. Louis Court of Appeals.—137 S. W. (2d) 544.

Court en Banc, March 5, 1940.

R. E. *Kleinschmidt* for relatrix.

960

*Edgar & Matthes* for respondents.

TIPTON, J.—This is an original proceeding in certiorari to review the record in the case of Brown v. Wilson, decided by respondents, Judges of the St. Louis Court of Appeals, and reported in 131 S. W. (2d) 848.

Relatrix (plaintiff) filed an action in ejectment in the Circuit Court of Jefferson County, Missouri. From a judgment which was rendered in favor of the defendant, relatrix was allowed an appeal to this court. The parties to that action filed in this court a stipulation asking us to transfer the cause to the St. Louis Court of Appeals because title to real estate was not involved. We sustained this stipulation and transferred the cause.

█ We are of the opinion that we erred in sustaining the stipulation, as we will later show that the jurisdiction is in this Court and not in the Court of Appeals because title to real estate is involved as evidenced by the judgment rendered in the circuit court. [Art. VI, Sec. 12 of the Missouri Constitution.] "Such being the case no act of the parties either by agreement or estoppel can confer jurisdiction on the Court of Appeals. [Klingelhoefer v. Smith, 171 Mo. 455, 71 S. W. 1008.] █ Certiorari is the proper remedy to confine an appellate court within the limits of its constitutional and legal authority. [Art. VI, Sec. 3, Const. of Mo., and Sec. 8 of the Amendment of 1884, Mo. Stat. Ann.; State ex rel. Aquamsi Land Co. v. Hostetter,

336 Mo. 391, 79 S. W. (2d) 463, and cases therein cited.]'' [State ex rel. Pemberton et al. v. Shain et al., 344 Mo. 15, 124 S. W. (2d) 1087, l. c. 1088.]

Relatrix's petition in circuit court was in conventional form, alleging that she was the owner in fee simple of the land in question, that she was entitled to possession, and that the defendant was wrongfully withholding the possession thereof from her. The petition did not ask that title to the land be determined. Defendant's answer was a denial that relatrix was the owner in fee simple and that defendant was unlawfully withholding possession thereof from relatrix and further alleged that he had purchased the land from his predecessors in title as shown by a deed dated March 26, 1918. He also claimed title through adverse possession. He did not ask the court to determine title.

Therefore, under the pleadings the judgment sought did not involve title within the meaning of the Constitution. We have ruled that ''cases involving title to real estate within the meaning of the constitutional provision fixing our jurisdiction are cases in which the judgment *sought or rendered* will directly affect or operate upon the title itself. In cases where neither party asks that title be adjudicated, yet it is necessary for the court to ascertain which party has title in order to render the judgment asked for by the pleadings, the title is incidentally or collaterally and not directly involved, and for that reason we would not have jurisdiction in such a case.'' (Italics ours.) [Ballenger v. Windes, 338 Mo. 1039, 93 S. W. (2d) 882, l. c. 883. See also Gibbany v. Walker, 342 Mo. 156, 113 S. W. (2d) 792; Federal Land Bank v. Bross, 116 S. W. (2d) 6; Frederich v. Tobaben, 117 S. W. (2d) 251; Wakefield et al. v. Dinger et al., 130 S. W. (2d) 490.]

The test of whether or not title to real estate is directly involved has been stated as follows: '' 'The judgment sought or rendered must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another.' '' [Gibbany v. Walker, 342 Mo. 156, 113 S. W. (2d) 792, l. c. 793; Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. (2d) 771; Ballenger v. Windes, supra.]

Since this is a certiorari proceeding to determine if the respondents had jurisdiction to decide this particular case, the entire record is before us. [State ex rel. Pemberton v. Shain, supra.]

In the judgment of the circuit court we find the following language:

''Wherefore, it is Considered, Ordered and Adjudged by the court that defendant is the owner of and entitled to possession of the above described real estate, and that plaintiff has no interest in said real estate, and that plaintiff has no interest in said real estate, and that all costs herein be taxed against the plaintiff.''

We therefore conclude that the judgment rendered in this case does directly involve title to real estate as it takes away title from relatrix (plaintiff) and gives title to defendant. This is so, even if the judgment is broader than the pleadings in this case.

"If the judgment *rendered* determine title, that is sufficient to classify the controversy, and title is involved in the constitutional sense, regardless of whether or not the pleadings are broad enough to sustain the judgment (Kennedy v. Duncan, 224 Mo. 661, 666, 123 S. W. 856; Watts v. Watts, 304 Mo. 361, 365, 263 S. W. 421)." [Nettleton Bank v. McGauhey's Estate, 318 Mo. 948, 2 S. W. (2d) 771, l. c. 775.]

Jurisdiction of this case, therefore, is exclusively in this court. We erred in allowing the stipulation to transfer the case to respondents. As our writ has brought the record here, we shall retain the case for argument and decision on the merits.

The opinion and judgment of respondents should be quashed. It is so ordered. All concur, except *Hays, J.,* who concurs in result only.