**Clarence CARROZ and Belva Carroz, Plaintiffs-Respondents,**

**v.**

**Eugene M. KAMINSKI and Marcella E. Kaminski, Defendants-Appellants.**

**No. 33628.**

St. Louis Court of Appeals, Missouri.

Feb. 24, 1970.

McQuie & Deiter, Montgomery City, for defendants-appellants.

Max Oliver, Montgomery City, for plaintiffs-respondents.

SMITH, Commissioner.

This is an appeal from a judgment in a court-tried case having its origin in a

boundary line dispute between adjoining landowners in Montgomery County. It reaches us upon transfer from the Supreme Court which sustained appellants' motion to transfer upon the ground that title to real estate was not directly involved.

The cause commenced upon plaintiffs-respondents' petition which sought a judgment decreeing plaintiffs' ownership of a described tract of land in fee simple absolute and which prayed the court to quiet title in plaintiffs. Defendants' answer alleged their ownership of a described tract of land and alleged that to the extent that described tract coincided with, overlapped or consisted of a portion of the premises of plaintiffs' described tract defendants claimed title thereto in fee simple absolute. The answer prayed a decree adjudging title to the premises described in the answer as the court should find.

The evidence at trial consisted of the testimony of a surveyor, his survey, a survey recorded in April 15, 1912, a book certified by the Secretary of State of Missouri in 1894 as being a complete copy, on file in his office, of the plats of survey of certain townships and ranges including the ones containing the land in dispute, and a stipulation of the legal description in the parties' deeds. Defendants offered no evidence. Plaintiffs make no claim of title to or interest in any real estate north of the north line of Section 7, Township 48 North, Range 3 West, and defendants make no claim of title to or interest in any real estate south of the south line of Section 6, Township 48 North, Range 3 West. The controversy therefore is over the location of the section line between Sections 6 and 7.

The judgment appealed from reads as follows:

"Now, on this 13th day of May, 1968, this cause having heretofore been taken up and heard and submitted to the Court upon the pleadings and evidence, and the Court being fully advised in the premises finds the issue for plaintiffs and against

defendants and finds and adjudges and decrees that *plaintiffs are vested with the fee simple title to the real estate described* in the petition herein, to-wit: (then follows a description identical to that in plaintiffs' petition).

"The Court further finds, adjudges and decrees *that defendants* and all those claiming under them or in their behalf *have no right or claim or interest in the estate or title whatsoever, either legal or equitable in or to said real estate."* (Emphasis supplied).

Defendants appealed to the Supreme Court and thereafter filed their motion for transfer to this court. The ground of the motion was that title to real estate was but incidentally or collaterally involved and the appeal therefore was not within the exclusive constitutional jurisdiction of the Supreme Court. Art. V, § 3, Constitution of Missouri, V.A.M.S. The motion set out that the action was originally commenced as a quiet title action, but that the issue tried was simply the location on the ground of the section line, beyond which neither party claims. The motion made no reference to the judgment appealed from. As indicated the motion to transfer was sustained.

■ Ordinarily the transfer by the Supreme Court would end all inquiry into our jurisdiction. But we draw our jurisdiction from the Constitution and if it affirmatively appears upon the face of the record that the case is within the exclusive jurisdiction of the Supreme Court no mistaken transfer can impart jurisdiction upon this court. See Schmidt v. Morival Farms, Inc., Mo.App., 232 S.W.2d 215 [1]. We are, of course, bound by the decisions of the Supreme Court and its construction and application of the Constitution of this State, including its determination of our jurisdiction. Here the motion which the Supreme Court granted did not completely reflect the state of the record for it totally ignored the most important document in the record, the judgment appealed from.

It is not the pleadings nor the issue tried which here determines whether title to real estate is involved; it is the judgment entered by the court.

In State ex rel. Brown v. Hughes et al., en banc, 345 Mo. 958, 137 S.W.2d 544, the rule was stated as follows:

"The test of whether or not title to real estate is directly involved has been stated as follows: 'The judgment sought or *rendered* must be such as will directly determine title in some measure or degree adversely to one litigant and in favor of another; or, as some of the cases say, must take title from one litigant and give it to another.' * * *" (l. c. 545) (Emphasis supplied).

That case arose as an original writ of certiorari to review the record of this court in Brown v. Wilson, Mo.App., 131 S.W.2d 848. This court had received the case on transfer from the Supreme Court which had sustained a stipulation to transfer. The action as originally commenced had sought ejectment but the trial court judgment included the language, "* * * 'Wherefore, it is Considered, Ordered and Adjudged by the court that defendant is the owner of and entitled to possession of the above described real estate, and that plaintiff has no interest in said real estate,' * * *" The Supreme Court found it had exclusive jurisdiction and ordered the opinion and judgment of this court quashed for the reason that: "* * * the *judgment rendered* in this case does directly involve title to real estate as it takes away title from relatrix (plaintiff) and gives title to defendant. This is so, even if the judgment is broader than the pleadings in this case."[1] (137 S.W.2d 1. c. 545) (Emphasis supplied).

Albi v. Reed, Mo., 281 S.W.2d 882, also involved a disputed boundary line, and despite the dismissal of the only count seeking a determination of title the judgment of the court vested such title in plaintiffs and adjudged no right, title, claim or interest in defendant.[2] Again the Supreme Court found exclusive jurisdiction in itself and stated:

"But in this case, whatever the form of the action, the court not only found the fact of title but the court purports in its judgment to adjudicate and determine title in no uncertain terms and even though the judgment in that respect was not warranted for appellate, jurisdictional purposes the case involves the title to real estate and jurisdiction of the appeal is appropriately in this court. * * *" (1. c. 884–885).

We are unable to perceive any difference between the judgments in State ex rel. Brown v. Hughes, *supra,* and Albi v. Reed, *supra,* and in this case. The trial court here has in no uncertain terms adjudicated the title to this real estate.

It clearly appears from that part of the record not brought to the Supreme Court's attention by the motion to transfer that the judgment rendered (as well as the judgment sought by the pleadings) involves the title to real estate within the jurisdictional provisions of the Constitution. Under such circumstances the Supreme Court has held that retransfer is proper. See Schmidt v. Morival Farms, Inc., Mo., 240 S.W.2d 952 [1, 2]. The case is accordingly retransferred to the Supreme Court.

---

1. In its decision on the merits the Supreme Court found the part of the judgment decreeing title to be void as beyond the pleadings. See Brown v. Wilson, en banc, 348 Mo. 658, 155 S.W.2d 176.

2. That portion of the judgment read: "* * * 'It Is Therefore Ordered, Adjudged and Decreed by the Court that plaintiffs are vested with the fee simple title in and to that portion of the real estate described in their petition and hereinabove referred to as Tract I and Tract II; and It Is Further Ordered, Adjudged and Decreed and Found that defendant, Nannie R. Reed and her unknown heirs, consorts, grantees and successors have no right, title, claim or interest in the above described Tracts I and II.'"

PER CURIAM.

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the case is retransferred to the Supreme Court.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.