MARGARET DAVIDSON, ROSCOE ROBERSON PYLE, GRACE RUBY MCGEE, HAROLD CLAY PYLE, A. B. STONE, ANDREW EDWARDS, OLLIE ATHERTON, MARVIN RADER and VIRGIL RADER, Appellants, v. ANNA LAURA EUBANKS, LUCY R. MARSHALL, Administratrix of the Estate of ERASTUS B. MARSHALL, HAROLD FRANCIS MARSHALL, MRS. FAY ROSS, LLOYD GALE MARSHALL, ERASTUS B. MARSHALL, JR., IRIS JEAN MARSHALL, FORREST LEE MARSHALL, LUCY R. MARSHALL, R. E. PARRISH, LA CROSSE LUMBER COMPANY, GLEN W. HUDDLESTON, JEROME EUBANKS, RILEY BROWN, SIDNEY BROWN, LAUDIE FUQUA, HENRY MCKAY CARY and GEORGE B. THOMAS, Guardian and Curator for HOWARD MARVIN THOMAS.—No. 39454. —189 S. W. (2d) 295.

Division One, September 4, 1945.

*Eugene A. Farris* and *W. A. Franken* for appellants.

*Arthur Rogers, William Aull, Jr.,* and *Ike Skelton* for respondents.

304

██ VAN OSDOL, C.—Petition in two counts, in ejectment and to partition land in Carroll County. By the count in ejectment plaintiffs sought to recover possession of a one-half interest in the land. An answer was filed by certain defendants in which it was prayed that the court enter a decree declaring them to be the sole owners. The cause was submitted in the trial court upon the count in ejectment, the trial of the issues of. fact by the jury having been waived. At the close of all the evidence, the trial court granted defendants' request for a declaration of law that "under the law and the evidence the findings and judgment must be for defendants." Upon rendering its judgment, the court found "that plaintiffs ██ are not the owners of, and are not entitled to the possession of, any part of or interest in and to," the land. The trial court also sustained a motion to dismiss the count in partition. Plaintiffs have appealed. Title to real estate is involved, and this court has appellate jurisdiction of the cause. Section 3, Article V, Constitution of Missouri, 1945; State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S. W. 2d 544; Murphy v. Milby, 344 Mo. 1080, 130 S. W. 2d 518; Davidson et al. v. Eubanks et al., Mo. App., 185 S. W. 2d 73.

The decision of the case turns upon the construction of a deed executed in 1921, whereby one C. P. Roberson, who died December 30, 1928; and his wife, Mary Roberson, who died September 22, 1935, acquired title to the land. If the deed be held to have vested the title in C. P. Roberson and Mary Roberson as tenants by the entireties, the judgment for defendants should be affirmed. However, if the deed be held to have vested the title in C. P. Roberson and Mary Roberson as tenants in common, the plaintiffs, nephews and nieces and heirs at law of C. P. Roberson, are the owners of an undivided one-half interest in the property.

In the trial of the cause, the trial court tentatively admitted a wide range of extrinsic evidence on the theory that such evidence "would throw light on the intention of the parties . . . ". And, as stated supra, a declaration of law in the nature of a demurrer to the evidence was given at the conclusion of all the evidence. The parties herein have devoted large portions of their briefs to questions of the admissibility of the evidence noted supra, and of the effect of such evidence if admissible. And the parties are not as one in their views upon the effect of the giving of the peremptory declaration of law in the (jury waived) trial of the action.

██ ██ The legislature has now commanded this court to review a case (tried upon facts without a jury) upon both the law and the evidence as in suits of an equitable nature. Subsection (d), Section 114, Civil Code of Missouri. No evidence, other than that which shows the surrounding circumstances and situation of the parties to the deed at the time of its execution, and the deed itself, will be considered

in the review of the instant case—this broad ruling is here made because, having examined the whole instrument, giving due weight to the evidence showing the circumstances and situation of the parties at the time the deed was made, we believe no such ambiguity, or repugnancy, appears in the deed as would require a court to consider other and extrinsic evidence in ascertaining the intention of the parties; albeit, in some cases in construing deeds, it may be necessary to consider other evidence.

█ The body (except the description of the land) of the instrument, a general warranty deed, whereby C. P. Roberson and Mary Roberson acquired title, is here set out in full.

"This Indenture, Made on the 19th day of February, 1921, by and between James M. Edgar and Mary J. Edgar, his wife, of Carroll County, Missouri parties of the first part and C. P. Roberson and Mary Roberson, as tenants in common of the county of Carroll in the State of Missouri party of the second part,

"Witnesseth, The said party of the first part, for and in consideration of the sum of Fifteen Thousand Dollars to them paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents, Grant, Bargain and Sell, Convey and Confirm unto the said party of the second part, their heirs and assigns, the following described Lots, Tracts or Parcels of Land,

. . .

"To Have and To Hold the premises aforesaid, with all and singular the rights, privileges, appurtenances, and immunities thereto belonging or in anywise appertaining, unto the said party of the second part, and unto their heirs and assigns forever, the said James M. Edgar and Mary Edgar, his wife, hereby covenanting that they are lawfully seized of an indefeasible estate in fee in the premises herein conveyed; that they have good right to convey the same; that the premises are free and clear of any encumbrances done or suffered by them or those under whom they claim; and that they will Warrant and Defend the title of the said premises unto the said party of the second part, and unto ———— heirs and assigns forever, against the lawful claims and demands of all persons whomsoever."

The evidence shows, as stated, that at the time of the execution of the deed C. P. Roberson and Mary Roberson were husband and wife. C. P. Roberson had no descendants; and Mary Roberson had two children then living (one, a son, is now deceased), who had been born to her of a previous marriage.

█ As we examine the conveyance, knowing that the evidence shows the grantees to have been husband and wife, we at once become mindful of the use of significant words—"as tenants in common"—words which aptly and technically express how two or more persons may take and hold some quantum of estate in land. Tenants by the

entireties would hold a quantum of estate in essentially different tenure. Since an expression of such definite meaning was used in describing the grantees, we now provisionally consider that, by designating the grantees C. P. and Mary Roberson "as tenants in common" in the deed, it was intended that whatever quantum of estate was conveyed unto them by the deed should be taken and held by them, not as tenants by the entireties, but "as tenants in common." But, having a regard for the different formal divisions of a deed, we notice the words describing the grantees "as tenants in common" were not used in an operative clause, that is, not in the granting clause or habendum, but were recited in that part of the premises of the deed which designated the parties to the instrument. (We attend other distinctive phrasings. In the premises above the granting clause, in the premises in the granting clause, in the habendum, and in the clause of warranty, the grantees were referred to as "party" of the second part. We believe the uses of the singular "party" in referring to the grantees are of no significance upon the question of the intention of the parties. Note that the grantors were also referred to as "party" of the first part in the granting clause of the deed.) And we see that the language of the operative clauses, considered apart from the recital in the premises, is such as would vest the grantees with an estate in fee simple; but, since the grantees are husband and wife, the operative clauses of the deed would vest the fee simple title to the land in the grantees as tenants by the entireties. With these observations on the effect of the language of the operative clauses and of the marital relation of the grantees, we become aware of an apparent inconsistency between the operative clauses and the words "as tenants in common" recited in the premises of the deed. But, we will ignore the deed's formal divisions and their traditionally assigned functions, and read the language of the deed as an integrate whole. There is no inconsistency. It is now clearly seen (it seems to us) that it was the intention of the parties that an estate in fee simple should be conveyed by the deed unto C. P. and Mary Roberson, but it must have been intended that they were not to be vested with the fee simple estate as tenants by the entireties, although they were husband and wife, inasmuch as they, to whom the fee simple estate was conveyed, were described as tenants in common. However, we have not thus expressed our opinion without an examination of authorities, considered with a respect for the effect ordinarily given to a conveyance whereby husband and wife during coverture acquire title to land as joint grantees.

In this state, as at common law, a conveyance to husband and wife as joint grantees during coverture ordinarily creates a tenancy by the entireties. Some of the earlier decisions of this court seemingly supported the view that at common law a husband and wife, be-

cause of their unity in the marital relation, could not acquire real property by joint deed as tenants in common. (Examine Wilson v. Frost, 186 Mo. 311, 85 S. W. 375.) But, we now know there is no inflexible principle of common law prohibiting them from so acquiring an estate. The question was first resolved in this state in Peters v. Peters, 312 Mo. 609, 280 S. W. 424, wherein this court adhered to the view of the Supreme Court of the United States expressed in the case of Hunt v. Blackburn, 128 U. S. 464 at page 469; 9 S. Ct. 125 at pages 126-7,

"Undoubtedly, at common law, husband and wife did not take, under a conveyance of land to them jaintly, as tenants in common or as joint tenants, . . . But it was also true at common law, that, as 'in point of fact, and agreeable to natural reason, free from artificial deductions, the husband and wife are distinct and individual persons, . . . when lands are granted to them as tenants in common, thereby treating them without any respect to their social union, they will hold by moieties, as other distinct and individual persons would do.' 1 Preston on Estates, p. 132; 1 Inst. 187 b; 1 Washburn, Real Prop. (4th Ed.), p. 674; *McDermott v. French,* 15 N. J. Eq. (2 McCarter) 78, 80.''

In the Peters case (wherein it was held that the husband and wife, grantees in the deed examined, were vested with title as tenants in common) the court quoted the text of 13 R. C. L., sec. 133, p. 1113, "if land is conveyed to husband and wife with the express limitation to hold as tenants in ██ common, they will be so regarded." In the deed examined, the grantor did "bargain, sell, transfer and convey to the said John Schachner and Sophie Schachner, his wife, as tenants in common, and to their heirs and assigns forever." The court in ruling said,

"It is true in this State, as at common law, that where real property is conveyed to husband and wife and there are no limiting words in the operative clauses of the deed, they take an estate by the entirety. But we think the rule, adopted in most jurisdictions, to the effect that, where the operative clauses of the deed, i. e., either the granting clause or the *habendum* or both, clearly express the intention of the parties that husband and wife are to take and hold title as tenants in common, the grantees then take the estate expressed and provided in the deed rather than as tenants by the entirety, is none the less applicable and controlling in our own State. It therefore follows from what we have here said that, inasmuch as the sheriff's deed to John Schachner and Sophie Schachner, his wife, clearly and unequivocally recites in its granting clause that they are to take and hold title to the land conveyed as tenants in common, appellants' first assignment of error (in ruling that the deed created a tenancy in common) must be denied." (312 Mo. at pages 623-4.)

In the case of Wilson v. Frost, supra, the words "that is to say, to the said William Cook the one undivided one-half interest and the said Mary E. Cook the other one undivided half interest" immediately followed that part of the premises of a deed in which William and Mary E. Cook (a husband and wife) were designated as parties of the second part. Neither the granting clause nor the habendum contained words indicating that the estate conveyed was to be held as a tenancy in common. The court said that if the conveyancer "knew the difference between a tenancy in common . . . and an estate by the entirety and intended to avoid creating the latter and to create the former he would have made his intention more clear, but if, as is more probable, judging from his deed, he knew nothing about such estates, then we cannot attribute such a meaning to his otherwise vague, if not altogether meaningless, words inappropriately injected into the premises of the deed." (186 Mo. at page 322.) The court further observed that if the words had any meaning in the connection in which they were placed, they were probably intended to give assurance to the wife that she was to have as much interest in the land as her husband.

In Ashbaugh v. Ashbaugh, 273 Mo. 353, 201 S. W. 72, the deed involved was held to have vested an estate in a husband and wife as tenants by the entireties. Immediately following the naming of the grantees, the recital "each an undivided one-half interest" appeared. Said the court,

". . . It is claimed that here is an express intention to create a tenancy in common. It will be noted that this expression appears in the premises of the deed as a recital merely. It is followed by the granting clause which is in the usual form. The recital in question does not appear in the orderly parts of the deed, the part by which an estate is vested, limited and warranted; it does not by any language purport to vest in the grantees an undivided half interest and does not say in *what* they are to have an undivided half interest. It might as well be in the consideration paid, so far as the terms of an instrument go, as in the property conveyed. . . .

"It is a general rule that the intention must be ascertained from the language used, from what the grantor actually said, and not what he may have meant to say. It is likewise a general rule that operative words are necessary to vest an estate. . . ." (273 Mo. at pages 358-360.)

In Wilhite v. Wilhite, 284 Mo. 387, 224 S. W. 448, the deed examined was held to create tenancy in a husband and wife by the entireties. Here the words "share and share alike," which it was contended limited the estate to a tenancy in common, were recited immediately following the clause designating the grantees. The court said,

"There is no doubt but that the use of the words 'share and share alike' if inserted in the operative parts of the deed, in the granting

clause or in the *habendum,* would have created a tenancy in common. The words are inconsistent, when properly used, with the existence of a joint tenancy or a tenancy by the entirety. . . . .

"But it will be noticed the words 'share and share alike' appear in the premises of the deed as a recital merely. They may have referred to the consideration paid and not to the estate acquired. . . . The operative part of the deed which vests title and confirms it in the grantee are in a form which would create a tenancy by the entireties." (284 Mo. at pages 392-3.) And see Keller v. Keller, 338 Mo. 731 at page 740, 92 S. W. 2d 157.

The examination of the Peters, Wilson, Ashbaugh and Wilhite cases, supra, has been useful to us, because the cases confirm the rule that—while a conveyance to a husband and wife will ordinarily create a tenancy by the entireties—an intention, *clearly expressed* in the conveyance, that they shall take as tenants in common or as joint tenants, will be effective. Vol. 2, Tiffany, The Law of Real Property (3d Ed.), sec. 431, p. 221; 41 C. J. S., Husband and Wife, sec. 31, pp. 447-8.

In the Peters case, it was held that the sheriff's deed conveyed an estate to the husband and wife "as tenants in common," inasmuch as the deed "clearly and unequivocally" recites *in its granting clause* that they are to so take and hold title. Does the "clear and unequivocal" recitation, or clear expression, that the grantees (husband and wife) are to hold as tenants in common, have to be recited or expressed in an operative clause of a deed, in order that the deed may effectively express the intention of the parties? No case has been cited directly deciding this very question. We believe there is no settled rule of real property in this state so requiring, on the strength of which titles have been vested.

In the case of Utter v. Sidman, 170 Mo. 284, 70 S. W. 702, the court speaks of the obstacles which conveyancers encountered in olden times when great care was observed to confine to each part of a deed its assigned function—the several parts of the instrument were given an important and controlling meaning, and the place in the instrument where the meaning of the grantor was to be expressed was considered of the gravest importance. No provision of a deed was allowed to impinge on the province of another. The court noted the various formal or technical parts of a deed, and then said that formerly, while a grantor might convey as he pleased, yet, in order to make his intention effective, he was obliged to express it in set and technical language and at the proper places and in the right order and clause of the deed. The court observed that it is not so clear that a court, in construing an instrument by giving controlling effect to the technical rules of conveyancing, ascertained or effectuated a grantor's real intention. The court then stated that the modern rule, which prevails in this state, is much simpler and more likely to effectuate

the intended meaning. The intention of the parties, especially the grantor, as gathered from the four corners of the deed, is now the pole star of construction. "That intention may be expressed anywhere in the instrument, and in any words, the simpler and plainer the better, that will impart it, and the court will enforce it (if it does not contravene positive law) no matter in what part of the instrument it is found." (170 Mo. at page 294.) The case was said to be one of the leading cases on the subject in Keller v. Keller, supra, in which opinion it is stated that, to the rule, other rules of construction are considered aids. These cases tersely state the modern rule. (See now 26 C. J. S., Deeds, sec. 128, pp. 429-430; and 16 Am. Jur., Deeds, sec. 237, p. 570.) But, because of the differences of the language in the deeds construed in these cases and the consequent different problems presented, the cases are not directly in point upon the instant question.

In Walker v. Deppe, 346 Mo. 354, 141 S. W. 2d 783, there were recited in the premises of a deed, immediately following the clause naming the grantees (sisters) and prior to the granting clause of the conveyance, the words "as joint tenants and not tenants in common." This language was said to be an express declaration that the estate granted was a joint tenancy, and the court held the conveyance so vested the estate. It is true that the case involved the construction of a deed with reference to our statute providing that every "interest in real estate granted or devised to two or more persons, other than executors and trustees and husband and wife, shall be a tenancy in common, unless expressly declared, in such grant or devise, to be a joint tenancy." Section 3504, R. S. 1939, Mo. R. S. A., sec. 3504. And the court referred to the Ashbaugh and Wilhite cases, supra, as cases which ruled questions under the common law. Nevertheless, we believe that the Walker case is analogous to the case at bar, inasmuch as under the statute a grant to two or more persons (other than executors and trustees and husband and wife), creates a tenancy in common unless expressly declared to be a joint tenancy; and in our case, we have seen, a grant to husband and wife creates an estate by the entirety, ▮▮▮ unless the instrument clearly expresses that a tenancy in common (or a joint tenancy) is intended. Otherwise stated, it could be said, two or more persons (strangers with respect to the offices or relationships excepted in the statute), to whom an estate is granted as joint grantees, are prima facie tenants in common; and a husband and wife, to whom an estate is granted as joint grantees, are prima facie tenants by the entireties. It was said in the Walker case that an express declaration of a joint tenancy *in any part of the deed* is sufficient, if it clearly appears on a construction of the deed from the four corners that such was the intention of the grantor. The phrases "parties of the second part" in the

granting clause and "unto the said parties of the second part, and to their heirs and assigns forever" in the habendum were not repugnant to the description of the parties in the premises of the deed "as joint tenants and not tenants in common," for the reason that the grantees, whether joint tenants or tenants in common, where granted an estate in fee simple. So, in the instant case, the phrases "said party of the second part, their heirs and assigns" in the granting clause and "unto the said party of the second part, and unto their heirs and assigns forever" in the habendum are not repugnant to the description of the grantees "as tenants in common" in the premises of the deed.

The Wilson, the Ashbaugh, and the Wilhite cases can be distinguished from the case at bar; and we do not wish to say that those cases are not of great assistance in construing like character of instruments using vague or uncertain language. In those cases, the recited words when inserted in the premises, in connection with the clause designating the parties and above the operating clauses of the deeds, were of such vague or equivocal meanings that they did not clearly indicate that it was the intention of the parties to in anywise express how the estates thereinafter granted were to be held; the words recited were, at least when so inserted in the premises of the deeds, susceptible to other meanings, than as affecting the estates granted, as in the respective opinions noticed. Therefore, the respective deeds, each considered as a whole, contained no language clearly expressing that tenancies in common were intended. Had the words been recited in connection with operative clauses of the deeds, the words might have been indicatory of an intention to somehow affect, limit or qualify the estates granted; and, had the words been recited in such connection, the court, in reviewing those cases, would have been put to the decisions whether the deeds (respectively considered as a whole) clearly expressed an intention that the estates granted were to be held as tenancies in common. See and compare Welch v. Harvey, 281 Mo. 684, 219 S. W. 897. Indeed, it was in substance said in the Wilhite case that the words "share and share alike," if inserted in the operative parts of the deed, would have created a tenancy in common; but, since they appeared in the premises of the deed as a recital merely, they may have referred to the consideration paid and not to the estate acquired. Of course, words when used in one connection or setting may or may not be vague or equivocal, although if used in another connection the same words may be of clear or certain meaning. The words "as tenants in common" are not vague or equivocal, whether used in connection with and descriptive of the grantees, or in, or in connection with, an operative clause of the deed.

It appears that the court correctly decided the Peters case, and that case is an important one as readily seen; but it seems that the court,

in ruling, needlessly gave a controlling import to the formal divisions of the deed. In that case no language, elsewhere in the deed, was in anyway apparently or really inconsistent or repugnant to the intention so "clearly and unequivocally" recited in the granting clause, and the court had no problem of construction. Had the intention been expressed not in the granting clause but in the premises above the granting clause and in connection with the clause designating the parties, and had the granting clause been in usual form, the court would have been confronted with a question more like that of the case at bar. In our case there was no inconsistency or repugnancy in the deed when construed by the pole star of construction. In neither case was it necessary that a court should have any regard for the functions technically assigned to the formal clauses of a deed.

We hold that the deed herein construed vested the fee simple title to the land (in the deed described) in C. P. and Mary Roberson as tenants in common.

The judgment is reversed as to the first count, the order dismissing the second ▓ count is set aside, and the cause is remanded for further proceedings not inconsistent with this opinion.

It is so ordered. *Bradley* and *Dalton, CC.*, concur.

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.