**CITY OF ST. CHARLES, Missouri, a Municipal Corporation, Respondent,**

v.

**Harold DE SHERLIA and Gertrude DeSherlia, Appellants.**

No. 45549.

Supreme Court of Missouri, Division No. 2.

June 10, 1957.

Robert V. Niedner, Paul F. Neidner, St. Charles, for appellants.

Andrew H. McColloch, St. Charles, for respondent.

STOCKARD, Commissioner.

This is an appeal by the defendants in the trial court from an order granting a new trial in an ejectment suit brought against them by the City of St. Charles.

If jurisdiction of this appeal is in this court it is only because title to real estate is involved within the meaning of Article V, Section 3, Constitution of Missouri, V.A.M.S. At oral argument, counsel for appellant, with commendable candor, opened his argument by stating that subsequent to the filing of his brief he had examined further the question of jurisdiction and he entertained some doubt if the appeal should be here or in the St. Louis Court of Appeals. However, whether or not the issue is raised by the parties, it is our duty to determine the question of jurisdiction. Blair v. Hamilton, Mo. Sup., 292 S.W.2d 578 [1]; Fisher v. Lavelock, Mo.Sup., 282 S.W.2d 557 [1].

Plaintiff, the City of St. Charles, alleged in its petition that in 1910 Annie Dallmeyer conveyed a tract of land to William Bredenbeck and Amanda Bredenbeck, and by that deed also dedicated to the public for a street a strip of land 25 feet in width and 350 feet in length which was then and is now located within the City of St. Charles; that said street was opened and used for street purposes by the public; that title thereto became vested in said City for the use of the public for street purposes; and that the defendants have blocked and are now blocking the use of the street. Plaintiff then prayed "for judgment against defendants, Harold DeSherlia and Gertrude DeSherlia, and for possession of the strip of ground and public street particularly described in paragraph No. 3 of this petition and for the costs of this action and for such other and further relief as the court may deem just and proper in the premises."

By their answer, defendants admitted the execution of the deed by Annie Dallmeyer, but denied that thereby any street or alley was opened, dedicated or created. They admitted that they were and are in possession of the strip of land, and alleged that they entered upon the land "more than ten years ago and have been in open, notorious, hostile, adverse, continuous and exclusive possession of said strip ever since said time." The defendants then prayed that "having fully answered defendants pray that they may be dismissed with their costs."

Defendants also filed what they termed a "cross action," which in fact was a counterclaim, in which they alleged that they entered upon the strip of land in question on March 15, 1941, and "that they have held open, notorious, adverse, uninterrupted, hostile, exclusive possession of said strip ever since the date of entry being more than ten years; that they are now the exclusive owners of said strip of land." After then alleging that the City was making some claim of interest in the land, they prayed that the trial court "try and determine the title to said strip of land and for an order and decree of this court that they are the rightful, legal owners of said strip of land."

Plaintiff filed a reply to the counterclaim which denied the title of defendants by adverse possession, and again asked "for the relief prayed for in plaintiff's petition."

Trial of the suit in ejectment was had to a jury, and trial of the issues in the counterclaim was to the court. The jury returned a verdict against the City and in favor of the defendants in the ejectment suit. The trial court entered the following judgment: "Whereupon, it is by the Court ordered that the plaintiff take nothing by its petition and that the defendants go hence without day. It is further ordered that the plaintiff herein pay the costs herein accrued; and, now, the court further considering the pleadings and the evidence as to defendants' cross-action, finds the issues against defendants and orders that defendants take nothing by their cross-action."

Defendants filed no after-trial motions and took no appeal. Therefore, the judgment pertaining to the counterclaim, or that defendants do not have title to the strip of land by reason of adverse possession, is final and is the law of this case. However, plaintiff filed a motion to set aside the verdict in the ejectment suit and enter judgment in its favor, or in the alternative, for a new trial. The trial court sustained the alternative motion for a new trial and assigned as reasons therefor that the verdict was against the weight of the evidence and that the instructions given at the request of the defendants were erroneous. Defendants then appealed to this court from "the judgment and order granting a new trial."

Ejectment is a possessory action, Townsend v. Lawrence, Mo.Sup., 262 S.W. 2d 55 [2], and "in an ordinary, simple, straight action in ejectment in which no title relief is sought or granted, the relief sought and granted is the recovery of possession, not a judgment or decree directly determining title, so, although title to real estate is involved, title is but incidentally or collaterally involved and this court has no appellate jurisdiction of such a case on the ground the case involves title in a constitutional sense." Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471 [7], 476; Ballenger v. Windes, 338 Mo. 1039, 93 S.W.2d 882 [3]; Townsend v. Lawrence, supra [2]; Hunter v. Hunter, 355 Mo. 599, 197 S.W.2d 299 [2]. However, it has been held that title to real estate is involved, and that this court has jurisdiction on appeal, if in the suit for ejectment the trial court does in fact adjudge title to be in the plaintiff or defendant, State ex rel. Brown v. Hughes, 345 Mo. 958, 137 S.W.2d 544 [5, 6]; or if the defendant by its answer asks for an adjudication of title, Davidson v. Eubanks, 354 Mo. 301, 189 S.W.2d 295 [1], 161 A.L.R. 450; or if defendant files a counterclaim in which he seeks an adjudication of title to real estate, George v. Jester, Mo.App., 248 S.W.2d 453 [2]. The plaintiff sought no adjudication of title by its petition and defendants sought none by their answer. By their counterclaim the defendants did seek an adjudication of title, but the court decreed that they did not have title by adverse possession, and no appeal was taken. That question is now settled, and the issues and the relief sought by the counterclaim are no longer in this case. As to the ejectment suit, the trial court did not purport to adjudge title in either party, but limited the scope of its judgment to the right of possession. It is true that in their answer to the petition for ejectment the defendants alleged that they had been in adverse possession of the land more than ten years, but they did not pray that the court quiet title in them. In Wakefield v. Dinger, Mo.Sup., 130 S.W.2d 490, the petition in ejectment sought possession of the real estate, damages and rents. The answer contained a general denial and a plea of ownership by the defendants. The reply put in issue defendant's ownership. The judgment entered did not purport to adjudge title in the plaintiff or defendant. It was there held: "Under our rulings, title

to real estate is only incidentally or collaterally involved and appellate jurisdiction is in the Court of Appeals." See also Ballenger v. Windes, 338 Mo. 1039, 93 S.W. 2d 882, 884. There the petition in ejectment asked for possession only. The answer pleaded ownership of the land, not for the purpose of having the title adjudicated, but as a defense to plaintiff's alleged cause of action for possession. The prayer of the answer was that defendant be discharged with his costs. The judgment did not purport to adjudicate title. It was held that in such a situation "[t]he fact that it was necessary for the court to determine which party owned the land in order to correctly decide the question actually up for judgment did not involve title to real estate in the constitutional sense." The appeal was transferred to the court of appeals. The issues in the pending case in which the appeal was taken, now that those issues raised by the counterclaim are no longer present, pertain only to the right of plaintiff or defendants to the possession of the real estate involved. It is strictly a suit in ejectment, a possessory action only, which does not involve title to real estate within the meaning of Article V, Section 3, Constitution of Missouri. Townsend v. Lawrence, supra [2]; Gibbany v. Walker, 342 Mo. 156, 113 S.W.2d 792 [5]; Wakefield v. Dinger, supra [1]; Wood v. Gregory, Mo.Sup., 155 S.W.2d 168 [4], 138 A.L.R. 142.

For the reason that this court does not have jurisdiction, this appeal must be and is transferred to the St. Louis Court of Appeals.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.