**John B. CORBIN, Appellant,**

v.

**Harrison E. GALLOWAY, Respondent.**

No. 23967.

Kansas City Court of Appeals.

Missouri.

Oct. 5, 1964.

Donald B. Russell and Russell, Brown & Middleton, Nevada, for appellant.

John M. Belisle and Belisle, McNabb & Kyser, Butler, for respondent.

HUNTER, Judge.

Plaintiff-appellant, John B. Corbin, appeals from a judgment for the defendant-respondent, Harrison E. Galloway, rendered by the Circuit Court of Bates County, Missouri, sitting without a jury. The action was a suit in ejectment and for damages of $2,400 based on plaintiff's claimed ownership of certain strips of land in Bates County and defendant's wrongful withholding of possession and cutting a hedge therefrom.

Plaintiff owned 100 acres of farm land, and defendant owned 562 acres of farm land contingent in part to the west and south sides of plaintiff's land. Many years ago there was a public road known as the "old Papinsville Road", which ran gener-

ally from the northwest corner of plaintiff's 100 acre tract, south along the west side of it to the southwest corner thereof, then east along the south side of the tract to its southeast corner, and then south several miles to Papinsville. It is agreed that this road had been abandoned, the date being variously placed somewhere prior to 1920 to more than 84 years ago. The road had grown up in trees, brush and grass, and its exact location is in dispute although its general location as lying between the two farms is acknowledged.

Sometime around July, 1946, plaintiff and defendant discussed clearing the mentioned strips of land. While there is some dispute as to the precise agreement, defendant was to do the work and plaintiff was to pay "his part". Plaintiff's version is that defendant after clearing "this alley" was to "put a fence back on the (true division) line." Defendant's version of the agreement was that after clearing the "right-of-way" defendant was to put a fence "down through the middle" and that he, defendant, was to cut from a certain hedgerow what posts he needed for the fencing. According to defendant, plaintiff was to provide part of the fencing and pay half the cost of the job, and while plaintiff paid for clearing the brush he had paid nothing for building the fence.

After clearing the "strips" or "right-of-way" defendant built a fence down the middle of the "right-of-way" (old Papinsville Road) using possibly 100 posts cut from the mentioned hedgerow, and took possession to this fence.

As the issue shaped up during the trial, it was plaintiff's position that the old Papinsville Road having been abandoned for at least forty or more years the land became discharged of the easement and the absolute title to the land covered by the abandoned Papinsville Road reverted to that one of them whose predecessor in title had provided that "right-of-way" land. Plaintiff asserts that for a quarter of a mile the right-of-way land was given by his predecessor in title and was on one side of the established division line, and that for a quarter of a mile the right-of-way was given by defendant's predecessors in title and was on the other side of the established division line.

Defendant concedes that the land in question is a strip or strips of ground which was used for many years as the old Papinsville Road and contends that once a strip of ground is used as a public road and a public road has been established either by use or judicial decree, before the adjoining landowners can acquire any rights by reversionary interest it is necessary that the road be closed by a judicial determination. More precisely, says defendant, once a public road is established the *only* method by which any reversionary interest can come into being is after a legal closing of the public road by the county court as provided by statute, Section 228.110, and not by mere abandonment of the road by the public.[1] If this is so, then according to defendant, plaintiff has no right to eject defendant from the disputed half of the right-of-way he has fenced.

The trial court accepted defendant's view and ruled that if a road is abandoned nonetheless the adjoining owners do not gain title to it unless there is a court proceeding actually closing it, or a judicial proceeding actually closing the road; and entered judgment for defendant.

■ Both parties acknowledge this is not an action to try or determine title as such, but is an action in ejectment. Accordingly, plaintiff must have a legal right to the possession of the property in question, and the appropriate relief, if merited, is a judgment for possession and damages.

■ It is the rule that in an ordinary action in ejectment in which no title relief is sought or granted, but rather the relief

---

[1]. Unless otherwise designated statutory citations are to V.A.M.S., 1959.

involved, as here, is the recovery of possession and damages, title to real estate is but incidentally or collaterally involved, and is not involved within the meaning of Article V, Section 3, Constitution of Missouri, V.A.M.S., hence appellate jurisdiction in this court. City of St. Charles v. De Sherlia, Mo., 303 S.W.2d 32; Ballenger v. Windes, 338 Mo. 1039, 93 S.W.2d 882.

▇ This being a jury waived case our duty is to review it upon both the law and the evidence as in suits of an equitable nature. S.Ct. Rule 73.01, V.A.M.R.

Section 228.110 provides a statutory method for the vacating of roads by a proceeding before the county court to be commenced upon the filing of a petition or application by any twelve free holders of the township or townships through which the road runs. Section 228.190 provides, among other things, for the legal establishment of public roads and states, " * * * and nonuser by the public for five years continuously of any public road shall be deemed an abandonment and vacation of the same."

It is essentially defendant's position that plaintiff can not in this proceeding successfully assert that the Papinsville Road has been abandoned except by first obtaining an order to that effect from the county court pursuant to Section 228.110. Plaintiff contends he can show in this ejectment action an abandonment of the road by showing five or more years continuously its nonuse by the public, as provided in Section 228.190, supra.

▇ We agree with plaintiff's contention and rule that it is not necessary for plaintiff to first obtain a county court order of abandonment pursuant to Section 228.110 in order to prove in this action the abandonment of the public road. Abandonment of

a public road (not a public or platted street) [2] may be proved in a court proceeding between parties, such as this one in ejectment, as a part of a party's necessary proof to support his action or his defense, by showing "nonuser by the public for five years continuously". Section 228.190.

In Johnson et al. v. Rasmus, 237 Mo. 586, 141 S.W. 590, [3] an action in equity was brought to enjoin defendant from the alleged obstruction of a public road. The court noted that in 1887 a statute (Section 10, 446, Rev.St. 1909, forerunner to the present statute, Section 228.190) was adopted in this state fixing the length of time of nonuser (ten years now five years) sufficient to prove an abandonment of any public road. Said the court, loc. cit. 591: " * * * the act of 1887 is a direct, clear, positive legislative provision, fixing the period of time within which the public by nonuser will be held to have abandoned a road or highway." In speaking of proof, the court stated, "Proof of the abandonment of a public highway may be shown by evidence of matters in pais, as well as by proceedings in court, or other public records."

In Odom v. Hook, Mo.App., 177 S.W.2d 165, [3] in a suit for injunction to prohibit the obstruction of an alleged public street or roadway the court sustained defendant's defenses of abandonment of the street by nonuse, permitting in evidence the testimony of residents, although there had been no prior court proceeding closing it or holding it abandoned.

In State of Missouri ex rel. Carter County et al. v. Lewis, Mo.App., 294 S.W.2d 954, the Springfield Court of Appeals had before it an action for mandatory injunction to compel removal by defendants of obstructions to an alleged public road. The defense was that the road had been abandoned. In

---

2. See, Winschel v. County of St. Louis, Mo., 352 S.W.2d 652.

3. In Winschel v. County of St. Louis, Mo. Sup., 352 S.W.2d 652, 655, the Supreme Court limited the language of the John-

son case and the ruling in Odom v. Hook, Mo.App., 177 S.W.2d 165, 171, by holding that Section 228.190 is not applicable to streets which have been dedicated in accordance with statute and specified on a recorded plat.

a well reasoned opinion the court ruled that where a road has become a public highway it remains so; that, loc. cit. 958: "absent vacation in a statutory proceeding under Chapter 228, such right of use thereafter could not have been divested except upon abandonment of the disputed road for '*nonuser by the public*' for the period specified by statute, to-wit, now 'five years continuously'". This appears to be a recognization by that court that such nonuse by the public may be proved in the ordinary manner as a defense to an injunction suit and therefore, that it is not necessary to first go through a county court proceeding and obtain a county court order that the public road has been abandoned. Other cases carrying the same implication are, McEneny v. Gerlach, Mo. App., 142 S.W.2d 1095; Rosendahl v. Buecker, Mo.App., 27 S.W.2d 471(4). We have neither been cited to nor found any case holding that as between litigating parties the sole way to establish abandonment of a public road is to have obtained an order of the county court to that effect.

Our duty is to ascertain the legislative intent as expressed in Sections 228.110 and 228.190. We are unable to read out of these sections the requirement that the *only* way to show abandonment of a public highway is by a proceeding in the county court under Section 228.110. Rather, Section 228.190 clearly provides that the fact of nonuse by the public for five years continuously of a public road shall be deemed an abandonment of it, and, impliedly that such fact may be proved in the same manner as any pertinent fact may be proved in litigation between parties where there is an issue of abandonment existing between the litigants.[4]

■ Turning to the question of reverter upon abandonment, it is the firmly established rule in this state that if a public road or highway is taken wholly from one man's property and such public road or highway is vacated, the land in fee reverts to the original owner, or his grantees, or successors in title freed from the public use or easement. Owners of other land abutting on the right of way who personally or through their chain of title never had any estate therein obtain nothing by the reverter upon such abandonment. Horn v. Muckerman, Mo., 307 S.W.2d 482(1); Neil v. Independent Realty Co., 317 Mo. 1235, 298 S.W. 363; American Steel & Wire Co. of New Jersey v. City of St. Louis, 354 Mo. 692, 190 S.W.2d 919(2).

Appellant also contends the trial court erred in refusing to receive in evidence a certain ancient plat showing the location of the Papinsville Road. We need not rule this question as it is well briefed and may not again arise in the same manner, if at all.

■ In their briefs the parties acknowledge the handicap of this court in endeavoring to do more than rule the broad issues presented. The transcript and accompanying exhibits are such as to preclude us from precisely locating or describing that portion of the Old Papinsville right-of-way given by plaintiff's predecessors in title and now fenced and occupied by defendant. It is our decision that plaintiff is entitled to his prayed ejectment of defendant from that particular land.

It is necessary to reverse and remand this cause to the circuit court so that it can take appropriate action and enter its judgment in accordance with this opinion. If the parties by agreement provide the circuit court with a suitable description of the location of the Papinsville Road right-of-way provided by plaintiff's predecessors in title and now fenced and occupied by defendant, hearing of further evidence in this cause will be unnecessary; otherwise, it appears the circuit court will have need of additional evidence on this subject.

---

4. Another provision in Section 228.190 concerning the establishment of a public road by ten years of public use and the expenditure of public money and labor for such period has been similarly construed.

See, Wann v. Gruner, Mo., 251 S.W.2d 57; Liberty Township of Stoddard County v. Telford, Mo.Sup., 358 S.W.2d 842; Op.Atty.Gen. No. 27, Emerson, 5-24-54.

■ As to the issues of damages for wrongful conversion of hedge for fence posts our review of the record has convinced us that plaintiff has failed to carry the burden of proof therein, and, therefore, in accordance with that portion of the trial court's judgment, is not entitled to any damages for the alleged conversion. Nor do we believe there has been any showing of the actual damage to plaintiff resulting from defendant's wrongful possession of the disputed strips of land. However, plaintiff is entitled to $1.00 nominal damages for this wrongful possession. As ruled in Atkinson v. Smothers, Mo.App., 291 S.W.2d 645, the prevailing party is entitled to nominal damages without other proof than his right to possession.

The judgment is reversed and the cause is remanded for further proceeding in accordance with this opinion.

All concur.