Glen ADAMS et al., Plaintiffs-Respondents,

v.

James O. WHITE and Mary Etta White, Defendants-Appellants.

No. 9571.

Missouri Court of Appeals, Springfield District.

Aug. 9, 1974.

Charles T. Smallwood, Northern, Williams & Smallwood, Rolla, for plaintiffs-respondents.

Jay V. White, Rolla, for defendants-appellants.

TITUS, Judge.

The initial phasis of this cause was an action in ejectment. Plaintiffs sought to establish the common boundary line separating their properties from real estate acquired by defendant James O. White in his name only when he was a single person. Mrs. White was not a party to the suit. The trial court adjudged the "true boundary line" to be as described in a certain recorded survey and ordered "that the defendant remove the fence described in the pleadings to conform with the above described boundary line." We affirmed the judgment on appeal. Adams v. White, 488 S.W.2d 289 (Mo.App.1972). Thereafter, defendant and his wife (whom he wed after acquiring the property but before commencement of the ejectment action) filed in the Circuit Court of Phelps County a "Motion to Set Aside Judgment for Error in Fact in the Nature of a Writ of Error Coram Nobis." The gist of the motion was that the ejectment judgment was invalid because defendant's wife was not a party to the action and because the decree had the effect of transferring or conveying defendant's real estate in fraud of his wife's marital rights. § 474.150, subd. 2 RSMo 1969, V.A.M.S. Defendant et uxor have appealed from the order dismissing their motion. We affirm.

It is not necessary to worry the question of whether a writ of error coram nobis properly lies in the situation presented or whether such a remedy is available to defendant and his wife collectively or severally. Suffice it to state that the propriety of the procedure undertaken is extremely doubtful. 49 C.J.S. Judgments § 312, pp. 562–568. This aside, the claim that defendant's wife was a necessary party to the ejectment action is not predicated upon any assertion of legal possession or title by the wife in defendant's real estate but, rather, is based upon the allegation that the ejectment decree transferred or conveyed a portion of defendant's property to plaintiffs thus depriving the wife of marital rights in and to the land as specified in Ch. 474 RSMo 1969, provided and conditioned that she, of course, proves at some future date to be the survivor of the two. Insofar as the motion concerns the defendant-husband, we are at a loss to see how the matter affects him legally. The defendant-husband has had his full day in court and the ejectment judgment is final and conclusive as to him. Moreover, defendant-husband is not entitled to champion the personal rights of his wife, if any she has, and should defendant-husband survive his wife, the question involved would be wholly moot as to both. In re Aiken, 262 Mo. 403, 412[1], 171 S.W. 342, 344[1] (1914). Another reason defendant and his wife are wrong is that she was neither a necessary nor proper party in the ejectment suit against the defendant-husband for land owned, claimed and held by him in his own right. Defendant-wife asserts no title in the property, claims no right to possession save being the spouse of the owner, and was not accused of actively participating in the ouster of plaintiffs or keeping them out of possession of the disputed real estate through the construction of the fence erroneously erected by the defendant-husband. 28 C.J.S. Ejectment § 52 e., pp. 905–906; 11 C.J.S. Boundaries § 101, pp. 686–687. Finally, there was no transfer or conveyance of any real estate. "Conveyance" is defined as "the transfer of the ownership of real property from one person to another" (Webster's New World Dictionary of the American Language, College Ed., p. 323; 18 C.J.S. Conveyance pp. 91–95), and "The word 'transfer,' . . ., when applied to interests in land . . ., means the extinguishment of such interests existing in one person and the creation of such interests in another person." 1 Restatement of Property, § 13(1), p. 32; Bradley v. Hill, 457 S.W.2d

212, 215–216, n. 6 (Mo.App.1970). Title to real estate was but incidentally or collaterally involved in the ejectment action. Corbin v. Galloway, 382 S.W.2d 827, 829–830[2] (Mo.App.1964). The ejectment judgment did not serve to convey or transfer the interests of defendant-husband in any land to the plaintiffs; it merely declared a determination of what all the time had been the true and correct common boundary of the properties belonging to plaintiffs and the defendant-husband.

The judgment is affirmed.

HOGAN, C. J., STONE and BILLINGS, JJ., and JAMES R. REINHARD and FRANK CONLEY, Special Judges, concur.