In re Geraldine Helen FEY, Debtor.

Gerald A. RIMMEL, Trustee, Plaintiff,

v.

Geraldine Helen FEY and Arthur E. Fey, Defendants.

Bankruptcy No. 87–01788–BKC–JJB.
Adv. No. 88–0069–BKC–JJB.

United States Bankruptcy Court,
E.D. Missouri, E.D.

Oct. 7, 1988.

Deborah Benoit, St. Louis, Mo., for plaintiff/trustee.

David Waltrip, Joseph R. Burcke, Clayton, Mo., for Geraldine Fey.

Edward Lander, St. Louis, Mo., for Arthur Fey.

## FINDINGS AND CONCLUSIONS

JAMES J. BARTA, Chief Judge.

This matter is before the Court on the Trustee's Complaint to Compel Turnover of Property. The parties have stipulated to certain facts in this case; and this Court has determined other facts as necessary to the issue before the Court and makes the following Findings and Conclusions:

1. This matter is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157 and § 1334 and Rule 29 of the Local Rules of Court for the Eastern District of Missouri.

2. Geraldine Fey is the Debtor in a voluntary Chapter 7 proceeding, having filed for relief on June 18, 1987.

3. Arthur B. Fey is the non-debtor spouse of the Debtor.

4. As of the date of filing this petition, Geraldine H. Fey and Arthur B. Fey were the owners of shares of Anheuser Busch common stock.

5. About one year prior to their marriage, Geraldine Fey originally purchased a small number of shares of Anheuser Busch stock in her and Arthur's name as joint tenants. These shares were acquired exclusively with the funds of the Debtor as a single person.

6. Subsequent to this initial purchase, stock dividend splits, and payments of interest in the form of stock were received by the Debtor and her spouse. No additional sums were contributed to purchase any of the stock at issue here.

7. The face of each stock certificate at issue here reflects that the Defendants own the stock as joint tenants, but does not refer to them as husband and wife.

8. No change was ever made to reflect any different ownership interest in the stock certificates, although the Defendants did convey the real estate they purchased prior to their marriage to themselves as

tenants by the entireties after their marriage.

9. The testimony revealed that the Defendants intended to hold these shares jointly with rights of survivorship. This conclusion is supported by the fact that the Defendants held the shares in joint names, and not as tenants by the entirety; and that although they elected to transfer other property to the entirety estate after marriage, they elected to continue the joint tenancy in the shares through the commencement of this case.

10. At the time of the purchase of these certificates, the Defendants were not married, and, thus, a tenancy by the entirety could not have been created.

11. All subsequent issues of stock are controlled by the form of the original purchase, as each subsequent issue arose from that original ownership interest.

12. There is a rebuttable presumption in Missouri law that a married couple take property as tenants by the entireties. *Nelson v. Hotchkiss*, 601 S.W.2d 14, 18 (Mo. banc 1980).

13. There is no dispute with the conclusion that the original purchase was as joint tenants.

14. Missouri law recognizes married couples can hold property as tenants in common or as joint tenants. *Davidson v. Eubanks*, 354 Mo. 301, 189 S.W.2d 295, 299–300 (1945).

15. The later acquired shares of stock were conveyed to the same joint tenants and reflect the identical interest as the original shares as no change was ever authorized by the Defendants.

16. The evidence considered by the Court includes the information on the face of the instruments and the surrounding circumstances of the purchase of the stock and subsequent issues of stock resulting therefrom.

17. This Court finds the original purchase to have been made by the Defendants as joint tenants.

18. The subsequent issues of stock were also to the Defendants as joint tenants.

 19. Therefore, the Court concludes that at the commencement of this case, the Debtor held a one-half interest in these certificates; and that the Debtor's interest is property of this Bankruptcy estate pursuant to 11 U.S.C. § 541; and that the Trustee shall be directed to administer upon this asset.

Therefore, by separate order, judgment is entered in favor of the Trustee.