**HAMILTON HAULING, INC.,**
Appellant,

v.

**Duren "Skip" SLEYSTER, Respondent.**

**No. WD 42619.**

Missouri Court of Appeals,
Western District.

Oct. 23, 1990.

Weldon W. Perry, Jr., Lexington, for appellant.

Bernard J. Rhodes, Kansas City, for respondent.

Before KENNEDY, P.J., and SHANGLER and GAITAN, JJ.

KENNEDY, Presiding Judge.

Hamilton Hauling, Inc., brought this action to recover from Duren N. "Skip" Sleyster the possession of a one-acre tract of land approximately 100 feet east and west by 400 feet north and south lying west of Manchester Trafficway and east of the Kansas City Southern Railroad line in Independence, Missouri. Hamilton Hauling, Inc., was the holder of record legal title to the tract, but the trial court determined that title thereto had been acquired by Avenue Auto Wrecking, Inc., by adverse possession, and rendered judgment for Sleyster. Hamilton Hauling has appealed.

The Avenue Auto Wrecking premises—that to which it has record legal title—lies immediately north of the disputed tract. On the east the tract is bounded by Manchester Trafficway, on the west by the Kansas City Southern Railroad line and on the south by the "Callaway railroad spur."[1] The tract was fenced by Avenue Auto Wrecking in 1957 and enclosed with the Avenue Auto Wrecking premises. At least since 1953 there has been no visible boundary between the Avenue Auto Wrecking premises and the disputed tract. The land since at least 1953 has been used for the storage of scrap, salvage and mis-

---

1. The tract disputed in the lawsuit included an additional two-and-one-half acres lying south of the Callaway spur, but judgment for the posses-sion of that property went for Hamilton Hauling and Sleyster has not appealed.

cellaneous junk by Avenue Auto Wrecking, Inc., a corporation, in the operation of its wrecking business. Sleyster and his cousin, one Price Williford, acquired the stock of Avenue Auto Wrecking in 1955. In 1981 Sleyster became the sole stockholder of the corporation, and was still the sole stockholder thereof at the time of the trial.

Neither Sleyster by himself nor Avenue Auto Wrecking has ever had record legal title to the disputed tract. Record legal title has at all times been in plaintiff, Hamilton Hauling, and its predecessors in title, as a part of a 196–acre tract lying mostly east of Manchester Trafficway, but including a narrow strip west of Manchester Trafficway. The disputed tract is at the north end of this narrow strip lying west of Manchester Trafficway. The main body of the 196–acre tract, lying east of Manchester Trafficway, is known as "the crusher property" and is used to mine and crush limestone. James Lyddon, who from 1947 to 1968 was a stockholder and active in the business of Centropolis Crusher Co., testified he did not know the 196–acre tract, which during that period was owned by Centropolis Crusher Co., included any land west of Manchester Trafficway, except a small tract some distance south of the disputed tract. He observed Avenue Auto Wrecking occupying the property which later was disputed, but during the period he was connected with Centropolis Crusher "it was Avenue Auto's property. I don't think anybody questioned that."

The trial court found that Avenue Auto Wrecking, Inc., or Sleyster, had acquired title to the tract by adverse possession, and that Hamilton Hauling was not entitled to possession thereof.

■ Hamilton Hauling first complains that the trial court was in error in rendering judgment for Sleyster because Sleyster had not pleaded his or Avenue Auto Wrecking's adverse possession of the tract, and the court was therefore in error in allowing proof of Avenue Auto Wrecking's adverse possession. Avenue Auto Wrecking's title

to the acre by adverse possession thereof was not an affirmative defense, however, which Sleyster must have pleaded in order to be allowed to prove it. It is incumbent upon the plaintiff in an ejectment case, § 524.010, RSMo (Supp.1986), to prove as a part of his case his entitlement to possession. *Corbin v. Galloway*, 382 S.W.2d 827, 829 (Mo.App.1964); *Ashenhurst v. Johnson*, 167 S.W.2d 397, 399 (Mo.App.1942); *Gray v. Shelton*, 282 S.W. 53, 56 (Mo.1926). Hamilton Hauling therefore had to plead and prove its right to possession. Under defendant's denial of that allegation of plaintiff's petition, defendant could contradict plaintiff's claim of right to possession by showing title in himself or title in another acquired through adverse possession. *Newton v. Wimsatt*, 791 S.W.2d 823, 829 (Mo.App.1990); *Harris v. L.P. & H. Constr. Co.*, 441 S.W.2d 377, 383 (Mo.App. 1969); *Courtner v. Putnam*, 325 Mo. 924, 30 S.W.2d 126, 130–31 (1930). It was therefore permissible for defendant to show under his denial of plaintiff's right to possession that title was in Avenue Auto Wrecking by adverse possession, without having pleaded adverse possession in his answer.

■ As to the sufficiency of the evidence to show Avenue Auto Wrecking's acquisition of title by adverse possession: There was ample evidence of Avenue Auto Wrecking's open, notorious, exclusive and hostile possession of the disputed tract against the whole world for at least a continuous 15–year period beginning in 1953. The trial court's finding that Avenue Auto Wrecking's possession had ripened into title under the 10–year statute of limitation, § 516.010, RSMo (Supp.1986), was amply supported by the evidence, with the result that Hamilton Hauling was not entitled to possession of the property. *See Ortmeyer v. Bruemmer*, 680 S.W.2d 384, 391–93 (Mo. App.1984); *Ennis v. Korb*, 347 S.W.2d 671, 675–77 (Mo.1961); *see also Krell v. Davidson*, 694 S.W.2d 774, 776–78 (Mo.App.1985).

Hamilton Hauling makes a good deal of the fact that Sleyster, beginning in 1968, was involved in the ownership of the 196–

acre tract (of which the disputed tract was a part, as noticed above). At that time Sleyster, along with Williford and two other men, bought the property from its then owner, Centropolis Crushing Co., a corporation. In 1971 they conveyed it to a newly formed corporation, Centropolis Crushing, Inc., of which the four individual owners were stockholders. In 1978 the property was sold to the Callaway Mining Company upon foreclosure of a deed of trust executed by the second Centropolis Crushing. From that time forward, Sleyster had no ownership interest of any kind in the property, although for a year and a half he continued to assist Callaway Mining Co. with its mining operation.

Throughout the entire period Avenue Auto Wrecking had continued to occupy the disputed one-acre tract with its salvage, unchallenged until Hamilton Hauling acquired the 196–acre tract from Callaway Mining Co. in October 1987. Hamilton demanded possession of the tract, Sleyster and Avenue Auto Wrecking refused to surrender possession, and this lawsuit followed.

By 1968, when Sleyster and the others got title to the 196–acre tract, it is to be noted that Avenue Auto Wrecking had already acquired title to the property by adverse possession. This title (subject, of course, to proof thereof) was as effective as a title acquired by deed. *Wimsatt*, 791 S.W.2d at 829; *DeShon v. St. Joseph Country Club*, 755 S.W.2d 265, 268 (Mo. App.1988); *Hamburg Realty Co. v. Walker*, 327 S.W.2d 155, 159 (Mo.1959). Is there in the above recited history any act of Avenue Auto Wrecking that conveyed to Hamilton Hauling, or any of its predecessors in title, the right to possession of the property after 1968? Hamilton Hauling has suggested none, and we find none.

Judgment affirmed.

All concur.