In re Marvin Joe STEELE, Debtor.

Marvin Joe Steele, Movant,

v.

Premier Capital, L.L.C., Respondent.

No. 03–50239–399.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Aug. 7, 2003.

Nathan E. Ross, Lewis, Rice & Fingersh, L.C., St. Louis, MO, for Premier Capital, L.L.C.

Darrell E. Graham, Gray Graham LLP, St. Louis, MO, for Debtor.

### ORDER

JAMES J. BARTA, Chief Judge.

The expedited hearing on the motion of Marvin J. Steele ("Debtor") to void a Sheriff's execution sale that was conducted after the commencement of this case was commenced and concluded on August 6, 2003. The Debtor appeared in person and by Counsel and presented oral argument on the record. Premier Capital, L.L.C. ("Creditor") appeared by Counsel in opposition to the motion. The Court announced its determinations and orders from the bench. The facts necessary to this determination are not in dispute.

The Debtor filed a petition for relief under Chapter 11 of Title 11 at about 9:50 a.m. on August 1, 2003. Notice of the commencement of the case was given to and received by Counsel for this Creditor shortly thereafter, and before the Creditor's scheduled execution sale of certain real property that had been set for noon August 1, 2003. Notwithstanding actual notice of the commencement of this case, the Creditor directed the officers to conduct the execution sale. A debtor may prosecute an action based upon an alleged violation of the automatic stay by means of a motion.

The real property that is the subject of this proceeding was acquired by the Debtor and his spouse (a Debtor in a separate, pending Chapter 11 case) more than ten years prior to the commencement of this case. In connection with a refinancing in July, 1996, the Debtors executed a quit claim deed that conveyed title to the real estate to the Debtor's spouse only. The Debtor simultaneously executed a waiver of any marital rights he might have to the real property. The waiver had not been rescinded, withdrawn or otherwise invalidated as of the commencement of this case.

In 1997, a judgment was entered against the Debtor, his spouse and Marvin Steele Enterprises, Inc., in the amount of approximately $ 512,553.47. The Creditor here is the Assignee of the original judgment creditor. A Sheriff's Execution sale against this real property was originally set and noticed for May 28, 2003. On May 20, 2003, the Debtor's spouse filed a voluntary petition for relief under Chapter 11 (Case Number 03–46772–399). As of the commencement of the Debtor's spouse's case, the real property was titled in her name only. As a result of the operation of the automatic stay, the execution sale was not conducted as originally scheduled.

At a hearing on June 9, 2003, the Bankruptcy Court entered an order that granted relief from the automatic stay to this Creditor in the Debtor's spouse's case, to permit the execution sale to proceed. The execution sale was rescheduled for August 1, 2003. On July 31, 2003, the Court signed an Order that denied the Debtor's spouse's request to vacate the order that granted relief from the stay. The Debtor filed the petition in this case on August 1, 2003.

▪ The provisions of 11 U.S.C. § 362 operate as a stay of collection activity against a debtor, and against property of the estate. The action complained of here is the Creditor's refusal to stay an execution sale against real property based upon a non-bankruptcy judgment. As of the commencement of this case, the real property was held in the name of the Debtor's spouse only. The Court finds and concludes that the record has failed to establish that the Debtor held any ownership interest in this real property as of the commencement of this case.

Other than a claim of a marital interest, the Debtor has not proven that he held or holds any other ownership interest in the property.

■ A debtor's interests in property are generally determined by Bankruptcy law based on applicable state law provisions. *Butner v. United States,* 440 U.S. 48, 58, 99 S.Ct. 914, 917, 59 L.Ed.2d 136 (1979). Under Bankruptcy law, property of the estate that is protected by the automatic stay includes all legal and equitable interests of a debtor as of the commencement of the case. 11 U.S.C. § 541(a)(1). Under Missouri Domestic Relations law, property acquired by either spouse subsequent to marriage and prior to a decree of legal separation or dissolution of marriage is presumed to be marital property. Mo. Rev.Stat. § 452.330 (2000). The presumption may be overcome in certain circumstances. Mo.Rev.Stat. § 452.330.3 (2000). For the reasons stated herein, the Court finds and concludes that, in the absence of a dissolution proceeding, the presumption created at Section 452.330 does not create an individual interest in property that would be included in a Bankruptcy estate that is created under Title 11 of the United States Code.

Under Missouri law, the reference to marital property appears under the heading, "XXX, Domestic Relations; Chapter 452, Dissolution of Marriage, Divorce, Alimony and Separate Maintenance." In the Missouri Statute, the description of marital property includes the phrase, "For purposes of sections 452.300 to 452.415 only, 'marital property' means....". Mo.Rev. Stat. § 452.330.2 (2000). The Missouri Court of Appeals has held that a "marital property" ownership interest in personal property (shares of stock issued solely to a spouse) could only materialize via a decree in a domestic relations case of a kind described in Section 452.330.1. *Sumners v.* *Service Vending Company, Inc.,* 102 S.W.3d 37, 45 (Mo.Ct.App.2003). Section 452.330 governs the disposition of property and debts in a dissolution of marriage proceeding. *McKown v. McKown,* 108 S.W.3d 180, 183 (Mo.Ct.App.2003).

■ Under Missouri common law, there is a rebuttable presumption that a married couple take property as tenants by the entireties. *Nelson v. Hotchkiss,* 601 S.W.2d 14, 18 (Mo. banc 1980). Missouri law also recognizes that married couples can hold property as tenants in common or as joint tenants. *See Rimmel v.* *Fey,* 91 B.R. 524 (Bankr.E.D.Mo.1988); *Davidson v. Eubanks,* 354 Mo. 301, 189 S.W.2d 295, 299–300 (1945). Under Missouri law, a spouse may hold title to property separately, in his or her own name. Mo.Rev.Stat. § 452.330.3 (2000); *D.K.H. v.* *L.R.G.,* 102 S.W.3d 93, 97 (Mo.Ct.App. 2003). As of the commencement of this case, the real property was held by the Debtor's spouse in her name only. The Debtor's previously executed waiver of marital rights had not been rescinded. The record here reflects that a dissolution proceeding was neither pending nor anticipated in this matter. Under these circumstances, the Court finds and concludes that the Debtor did not hold a contingent or non-contingent marital interest in the real property as of the commencement of this case. Absent a showing of some other interest in the real property, the Debtor's argument that the Creditor violated the automatic stay must be rejected.

■ At the hearing, the Debtor represented that, as of the commencement of the case, he resided in the real property with his children. A possessory interest in property may be an interest that passes to a Bankruptcy estate under 11 U.S.C. § 541. See *Van Iperen v. Production* *Credit Association of Worthington–Slayton Branch,* 819 F.2d 189, 190 (8th Cir.

1987); *In re State of Missouri v. U.S. Bankruptcy Court for the E.D. of Arkansas, et al.*, 647 F.2d 768, 774 (8th Cir. 1981). In this Chapter 11 case, the Debtor's possessory interest in residential real property is property of the estate that is protected by Section 362. Unless otherwise ordered, creditor's post-petition execution sale was in violation of the automatic stay.

 It is unlikely that a possessory interest in real property, without more, is likely to overcome a creditor's proof of cause to grant relief from the automatic stay. In these circumstances, the Creditor had obtained relief from the automatic stay as to this property in the Debtor's spouse's Chapter 11 case; no form of adequate protection has been suggested in this case; the Debtor has not shown that his interest in the property is necessary for an effective Chapter 11 reorganization; and the Creditor's interests in this property are not adequately protected. The Court finds and concludes that cause has been shown to grant the Creditor's oral request for relief from the automatic stay.

**IT IS ORDERED** that the Debtor's motion for an expedited hearing is granted; and that this matter is concluded; and

That the Debtor's request to determine that he holds a marital interest in certain real property described in this matter is denied; and that the Debtor's request to determine that the automatic stay operated to protect his claim of a marital interest is denied; and that the Debtor's request to void a Sheriff's execution sale of said real property as the result of a violation of the automatic stay based upon his claim of a marital interest is denied; and

That the Creditor's oral request for relief from the automatic stay as to the Debtor's possessory interest in said real property is granted; and that pursuant to 11 U.S.C. § 362(d), the automatic stay as to the Debtor's possessory interest is annulled as of a time prior to the Sheriff's execution sale; and

That the Debtor's request to void the Sheriff's execution sale for violation of the automatic stay based on the Debtor's possessory interest is denied.